## TOBIAS GINRICH v. PATRONS' MILL COMPANY.

1. CORPORATION *to Build Flouring Mill.* Under section 5 of the act entitled "An act concerning private corporations," as amended in 1873, which provides for the creation of private corporations for "the conversion and disposal of agricultural products by means of mills, elevators, markets and stores, or otherwise," (Laws of 1873, pp. 137, 139, subdivision 36,) a corporation may be created "to build and maintain a flouring mill."

2. STOCKHOLDER, *When not Relieved from Paying Subscription to Stock.* Irregularities in adopting by-laws for a private corporation, or in the election of its officers, where all the stockholders and officers of such corporation recognize and treat such by-laws and such election as legal and valid, will not relieve a stockholder, who is afterward sued by the corporation for the amount of his subscription to the capital stock of the corporation, from paying the amount of such subscription.

3. ———— Neither will the fact that a corporation, created "to build and maintain a flouring mill," is expending its money in building a dam, by means of which to obtain power to run its mill, relieve a stockholder from paying the amount of his subscription to the capital stock of the corporation.

*Error from Mitchell District Court.*

ACTION brought by the *Patrons' Mill Company* against *Tobias Ginrich*, to recover $195 claimed to be due from him on a subscription by him to the capital stock of said company. The district court, at the December Term, 1876, gave judgment for said company, plaintiff, and against *Ginrich*, who brings the case here.

*A. J. Banta*, for plaintiff in error.

*Horace Cooper*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought before a justice of the peace by the Patrons' Mill Company, to recover from Tobias Ginrich $195, claimed to be due from him on a subscription by him to the capital stock of said Patrons' Mill Company. The case was afterward taken on appeal from the justice of the peace to the district court. In the district court it was tried by the court without a jury, and special findings of fact and conclusions of law were there made; and on these findings and conclusions judgment was rendered in favor of the plaintiff and against the defendant. The defendant now brings the case to this court for review. He claims that said Patrons' Mill Company is not a corporation, and therefore that it has no capacity to sue and no right to collect anything from him on said subscription to its capital stock. It was originally organized as a corporation "to build and maintain a flouring mill," and he claims there is no authority in the statutes or elsewhere for organizing or creating any such corporation. We think there is, however: we think that section 5 of the act entitled "An act concerning private corporations," as amended in 1873, authorizes such a corporation to be created. (See Gen. Stat., 191, § 5; laws of 1870, page 125, § 1; laws of 1871, page 169, § 1; laws of 1872, page 241, § 2, subdivision 36; laws of 1873, page 137, § 1, subdivision 36.) Said section 5 as amended

authorizes the creation of private corporations for "the conversion and disposal of agricultural products by means of mills, elevators, markets and stores, or otherwise." (Laws of 1873, pages 137, 139, subdivision 36.)

The defendant also seems to claim that not only the corporation, but everything done by it, is also void, for the reason that no by-laws had been formally adopted by the board of directors of such corporation prior to the first election of officers, prescribing the time and place for such election. (See Gen. Stat. 195, §§ 17, 19.) The corporation was created on October 9, 1874, and the names of the directors for the first year were determined and designated by the charter. (See Gen. Stat. 192, § 6, sub. 5.) Soon afterward, the stockholders, who were "patrons of husbandry" or "grangers," met as "grangers" as well as stockholders, and adopted by-laws for the corporation. These by-laws were afterward, but not for more than a year afterward, adopted formally by the directors as directors. The directors, however, as well as the stockholders, recognized these by-laws as valid as soon as they were adopted by the stockholders, and always treated them as the by-laws of the corporation, and undoubtedly, as stockholders, helped to pass them. The first election for directors was held under these by-laws on October 2, 1875. This election was certainly valid, if said by-laws were valid; and it was probably valid whether said by-laws were valid or not, for every officer and stockholder of the corporation seems to have acquiesced in the election, and treated it as valid. The new directors accepted the positions to which they were elected, and served. But who they were, is not shown. Probably, however, the defendant Ginrich was one of them, for on October 30, 1875, he was elected their president. (See Gen. Stat. 195, § 18.) At that time he also paid into the treasury $5 on his said subscription. On June 15th, 1876, the new board of directors formally adopted said by-laws, with some amendments. Afterward they made assessments on said subscriptions up to the full amount thereof. The defendant refused to pay the assessments on his subscription, and therefore

to collect the same, this suit was commenced. We do not think that the said proceedings of the board of directors (either of the old board or the new) were invalid, because of the said informalities in adopting by-laws.

The defendant also claims that he is relieved from paying the amount of his subscription, because the corporation is expending its money in building a dam, by means of which to obtain power to run its mill. We see no force in this claim.

The judgment of the court below will be affirmed.

All the Justices concurring.