## THE ATCHISON, COLORADO & PACIFIC RAILROAD COMPANY V. THE BOARD OF COMMISSIONERS OF PHILLIPS COUNTY, *et al.*

1. SUBSCRIBER OF RAILROAD STOCK, *When not Released.* The mere consolidation of one railroad company with another company since the taking effect of the act of March 1, 1870, authorizing the consolidation of such companies, will not discharge or release a non-assenting subscriber of stock.

2. TOWNSHIP, *Not Released from Subscription to Railroad Stock.* After an election had been held in the municipal township of K., of Phillips county, in accordance with the provisions of "An act to enable counties, townships and cities to aid in the construction of railroads, and to repeal sec. 8, ch. 39 of the Laws of 1874," approved February 25, 1876, and the amendments thereto, which resulted in authorizing the township of K. to subscribe to the capital stock of the Atchison & Denver railway company 180 shares of $100 each, payable in bonds of the township, dollar for dollar, the county clerk of the county of Phillips made the subscription, in pursuance to the power conferred. On December 20, 1879, the company had completed $3\frac{1}{32}$ miles of main track and $\frac{64}{100}$ of a mile of side-track in the township, and the board of county commissioners then issued and delivered to the company $13,000 of said bonds. On December 22, 1879, the Atchison & Denver railway company, in accordance with the provisions of the act of March 1, 1870, consolidated with the Waterville & Washington railroad company, the Republican Valley railway company, the Atchison, Solomon Valley & Denver railway company, and the Atchison, Republican Valley & Pacific railway company, under the corporate name of "The Atchison, Colorado & Pacific railroad corporation." The latter extended the railroad in the township to make $6\frac{23}{100}$ miles. *Held,* That the township of K. was not released from the subscription for any part of the stock subscribed to the Atchison & Denver railway company by the consolidation after such subscription had been made. And *held further,* that the new corporation, as successor of the Atchison & Denver railway com-

pany, is entitled to all the bonds to be issued under the subscription and the proposition submitted, not delivered prior to the consolidation.

3. ———— The case of *The State, ex rel. St. Jos. & D. C. Rld. Co., v. Comm'rs of Nemaha Co.*, 10 Kas. 569, referred to, and distinguished.

4. Measure *of Township Aid to Railroad Corporation.* Where the proposition submitted under the law of 1876, and the amendments thereof, to the electors of a township for the subscription of stock and the issuance of bonds to aid a railroad corporation to construct its road from the east line of the township west *to and into* the city of K. (a place equidistant between the east and west lines respectively of the township), the terms of the proposition embrace aid to the corporation for all the main line and side-tracks built from the east line to and *within* the city of K. necessary for the efficient running and operating of the railroad; *provided,* however, in no case shall the total amount of the aid to the corporation exceed four thousand dollars per mile for each mile constructed in the township.

### Original Proceedings in Mandamus.

Action begun in this court October 1st, 1880, to compel the issue and delivery of $5,000 of bonds, being the remainder of the subscription of the township of Kirwin, in Phillips county, to the Atchison & Denver railway company. The vote on the question of subscribing stock and issuing bonds therefor was had on April 15th, 1879; the subscription was made September 13th, 1879; the railroad was completed prior to June 1st, 1880. The proposition provided for aid to the amount of $18,000 of bonds, with coupons attached. On December 20th, 1879, the Atchison & Denver railway company had completed $3\frac{1}{32}$ miles of main road and $\frac{64}{100}$ of a mile of side-track within Kirwin township, and on that day the board of county commissioners of Phillips county delivered to the company $13,000 of the bonds of Kirwin township. On December 22d, 1879, the Atchison & Denver railway company consolidated with certain other railway companies, and formed "The Atchison, Colorado & Pacific railroad company." The latter company, as successor of the Atchison & Denver railway company, extended the line of the railroad from the point to which it had been built on the 20th day of December, 1879, so that before June 1st, 1880, there had been built more than six miles of railroad in Kir-

win township.   On June 7th, 1880, the plaintiff demanded of the board of county commissioners the issuance and delivery of the remaining ten Kirwin township bonds, amounting to $5,000.   These were refused.   Hence this action.   On March 1st, 1881, the following agreed statement of facts was filed in this court, to wit:

"1.  For the purpose of this proceeding, and as all the facts in this case, it is agreed by and between the parties hereto that the said plaintiff is a railroad corporation duly chartered and organized under the laws of the state of Kansas, and formed by the consolidation of the following-named corporations, to wit: The Waterville & Washington railroad company, the Republican Valley railway company, the Atchison, Solomon Valley & Denver railway company, the Atchison, Republican Valley & Pacific railway company, and the Atchison & Denver railway company, (all of which companies were chartered under the laws of the state of Kansas,) and that the consolidation went into effect on December 22, 1879, and has ever since said time been in full force and effect. And the said plaintiff is now and ever since said 22d day of December, 1879, has been the lawful successor in interest of each and all of the companies aforesaid, including the said Atchison & Denver railway company.

"2.  That the township of Kirwin, in the county of Phillips and state of Kansas, is and ever since March 1, 1879, has been a duly organized municipal township and corporation, comprising a territory of six miles square and coëxtensive with the congressional township designated as number 5, range 16, west, in said county of Phillips, and that the city of Kirwin is situated equidistant between the east and west lines respectively of said township, in the southwest quarter of section 27, southeast quarter of section 28, northeast quarter of section 33, and the northwest quarter of section 34, and at said date the assessed value of the property of said township of Kirwin exceeded $60,000, and ever since said date said valuation has exceeded said sum.

"3.  That on March 1, 1879, and prior thereto, and from said time for and until the consolidation of the railroad companies hereinbefore referred to, the Atchison & Denver railway company was a duly chartered and organized railroad corporation under the laws of the state of Kansas, and authorized to build a railroad and telegraph line in connection with

the Atchison, Solomon Valley & Denver railway at Cawker City, in Mitchell county, and following the general course of the north fork of the Solomon river and the head-waters of Prairie Dog, Sappa, and Beaver creeks, westwardly to the west line of Sherman county, in the state of Kansas, in the direction of Denver, in the state of Colorado, through the counties of Mitchell, Osborne, Smith, Phillips, Norton, Decatur, Rawlins, Cheyenne and Sherman, in the state of Kansas.

"4. That on March 1, 1879, and from said time until the second Monday in January, 1880, Jacob N. Clere was the duly authorized chairman of the board of county commissioners of said county of Phillips, and N. W. Aplington and Molestes Fisher were the two other members of said board of county commissioners, and J. H. Laird was the duly authorized county clerk of said county of Phillips; but ever since said second Monday in January, 1880, said N. W. Aplington has been the duly authorized chairman of said board of county commissioners, and H. S. Granger and Molestes Fisher, the two other duly authorized members of said board of county commissioners, and said J. W. Lowe, the duly authorized county clerk of said county.

"5. That on March 10th, 1879, upon due proceedings had under the act of the legislature of the state of Kansas, entitled 'An act to enable counties, townships and cities to aid in the construction of railroads, and to repeal § 8, ch. 39, of the laws of 1874,' approved Feb. 25, 1876, and the amendments thereto, and on petition of more than two-fifths of the resident tax-payers of said township of Kirwin, the board of county commissioners of such county of Phillips duly ordered a special election to be held in said township on April 15th, 1879, to vote upon the proposition embraced in said order, in the words and figures following, to wit: 'It is ordered by the board of county commissioners of said county of Phillips, that the question of a subscription in behalf of said municipal township of Kirwin for 180 shares of $100 each of the capital stock of the Atchison & Denver railway company, and in payment therefor issuing to said railway company the thirty-six bonds of said township of the denomination of $500 each, payable to bearer at the fiscal agency of the state of Kansas, in New York city, thirty years after the date thereof, bearing interest at the rate of eight per cent. per annum, payable annually, for which interest coupons shall

be attached, payable at the fiscal agency aforesaid, shall be submitted for adoption or rejection to the qualified electors of said municipal township of Kirwin, at a special election to be held on the 15th day of April, 1879, at the usual voting-places in said township; said subscription of stock to be made and said bonds to be issued on the following terms and conditions, to wit: As soon as said proposition shall be determined in the affirmative by a canvass of the votes cast at said election, the board of county commissioners of said county of Phillips, for and on behalf of said municipal township, shall order the county clerk to make, and the county clerk shall make, said subscription in the name of said municipal township for said one hundred and eighty shares of the capital stock of said railway company; and when the railroad of said railway company shall be built and completed, and in operation, by lease or otherwise, from Cawker City, in Mitchell county, in connection with the Atchison, Solomon Valley & Denver railway, and the Central Branch Union Pacific railroad, to and into the city of Kirwin, in Phillips county, and the freight and passenger depot and side-track, stock-yard, and terminal-station conveniences be built and constructed within the corporate limits of said city of Kirwin, and within a square 200 rods in extent, of which the public square in Kirwin shall be the center, then said board of county commissioners shall cause such bonds with coupons attached, as aforesaid, to be issued in the name of said municipal township of Kirwin, and shall deliver the same to said railway company on delivery or tender to the treasurer of said municipal township of a certificate of said shares of the full-paid capital stock of said railway company, equal in amount with said bonds, dollar for dollar: *Provided*, said railway shall be built and completed, and in operation, by lease or otherwise, as aforesaid, from the Missouri river at Atchison, Kansas, to and into the said city of Kirwin, by and before the first day of June, 1880; *and provided further*, that if the railway of said railway company shall not be graded to a point within 20 miles of Kirwin, in the surveyed line of its extension to Kirwin, *via* Gaylord, in Smith county, Kansas, by or before December 31, 1879, then the said company shall forfeit and relinquish all of its right and interest in and to the bonds herein provided for; *and provided further*, that before the Atchison & Denver railway company shall be entitled to receive any of the bonds provided for, the said company shall

file its written agreement with the township trustee of the township of Kirwin, that should the said company hereafter petition for and receive any of the bonds of the county of Phillips to aid in the construction of its railroad west from Kirwin, then in that case it will relinquish and pay over to the said township of Kirwin so many of the said county bonds as shall constitute a full and just equivalent, dollar for dollar, of the principal of the township bonds issued to said railroad company by the said township of Kirwin. All electors voting in favor of said proposition shall cast a ballot with the following words thereon: 'For the subscription of stock and issue of bonds to the Atchison & Denver railway company.' All electors voting against said proposition shall cast a ballot with the following words thereon, to wit: 'Against the subscription of stock and issue of bonds to the Atchison & Denver railway company.' It is further ordered by the said board of county commissoners, that at least thirty days' notice of said special election shall be given in the Kirwin *Chief*, a newspaper printed and published in said township of Kirwin, and of general circulation in said township and in the county of Phillips, and that the sheriff give the proper notice of said special election by proclamation published as aforesaid, and posted up in three places in the township where the election is appointed to be held for at least thirty days next preceding said special election.'

"6. The said special election was duly ratified as required by law, and by said order of the board of county commissioners, and was duly held on said 15th day of April, 1879, and was duly carried in the affirmative by a vote of one hundred and forty-eight (148) in favor of and sixty-six (66) against said proposition; and on April 18, 1879, said board of county commissioners, as a board of canvassers, duly canvassed the returns of said election, and duly declared said proposition carried in the affirmative; and afterward, on the same day, said board of county commissioners duly ordered the county clerk of said county of Phillips to forthwith make a subscription in the name of said municipal township of Kirwin for one hundred and eighty shares of one hundred dollars each of the capital stock of said Atchison & Denver railway company, subject to the terms and conditions contained in said order of submission; and that, upon full compliance by said railway company with the terms and conditions of said proposition, the chairman of the board and the county clerk

make and execute said bonds for delivery to said railway company, in accordance with the terms of said proposition.

"7. That, on September 13, 1879, said J. H. Laird, as said county clerk of said county of Phillips, in pursuance of authority in him vested by law and by the proceedings hereinbefore recited, made a subscription on the stock subscription books of said Atchison & Denver railway company, signed by his own proper hand, under the seal of the said county of Phillips, which subscription is in the words and figures following, to wit:

"In pursuance of the proposition submitted March 10, 1879, by order of the board of county commissioners of Phillips county, Kansas, to the electors of the municipal township of Kirwin, in said county, and an election held on the 15th day of April, 1879, and the further order of said board made on the 18th day of April, 1879, I, J. H. Laird, county clerk of said county of Phillips, do hereby subscribe, in the name and on behalf of said municipal township of Kirwin, for one hundred and eighty (180) shares of $100 each of the capital stock of the Atchison & Denver railway company, on the terms and conditions of said subscription. Witness my hand and the official seal of said county of Phillips, at Phillipsburg, this 13th day of September, 1879.

[SEAL.]                    (Signed)          J. H. LAIRD, *County Clerk.*

"8. On December 20, 1879, the Atchison & Denver railway company had constructed a railroad on the proposed line, and commenced to operate the same to and into the city of Kirwin; and the said railway company having filed its written agreement, signed by R. M. Pomeroy, its president, with the township trustee of the said township of Kirwin, to the effect that should the said railway company hereafter petition for and receive any of the bonds of the said county of Phillips to aid in the construction of its road west of Kirwin, then in that case it would relinquish and pay over to the said township of Kirwin so many of the said county bonds as should constitute a full and just equivalent, dollar for dollar, for the principal of the township bonds issued to said railway company by the said township of Kirwin; and the said railway company having tendered to the treasurer of said Kirwin township a certificate for said one hundred and eighty shares of one hundred dollars each of the full-paid capital stock of said Atchison & Denver railway company; and the said Atchison & Denver railway company on said 20th day of December, 1879, had constructed a railroad, and the same was in operation from Cawker City, in Mitchell county, Kansas, in connection with the Atchison, Solomon Valley & Denver railway and the Central Branch Union Pacific railroad from the Missouri river, at Atchison, westwardly, to and into

the city of Kirwin, in said Phillips county, Kansas, from the east line of the said township of Kirwin, and a freight and passenger depot, with side-track, stock-yard and terminal-station conveniences, were built and constructed in all respects in accordance with said proposition within the corporate limits of the city of Kirwin, in said township of Kirwin, and within a square 200 rods in extent, of which the public square in Kirwin is the center, prior to December 20, 1879, and said railroad was graded and built on the surveyed line, *via* Gaylord, Smith county, Kansas; and that on December 20, 1879, there had been completed by said railway company, under said proposition and in accordance therewith, $3\frac{1}{32}$ miles of main track and $\frac{64}{100}$ of a mile of side-track; and after February 1, 1880, and before June 1, 1880, the said railroad was extended by the plaintiff, as the successor of said Atchison & Denver railway company, on said proposed line of said railroad from the point to which it had been built on the 20th day of December, 1879, so that before June 1, 1880, there had been duly completed more than six miles of railroad in said Kirwin township by said railroad company; and on the 20th day of December, 1879, the said Atchison & Denver railway company, by its attorney, David Martin, then and there requested said board of county commissioners, then duly convened in session, and the county clerk of said county of Phillips, to issue and deliver to it thirty-six bonds of the denomination of $500 each, by virtue of the conditions contained in said proposition; but the said board of county commissioners issued and delivered to said railway company only twenty-six of the said bonds of the township of Kirwin, numbered from one to twenty-six, inclusive, amounting to $13,000, and by order of said board the remaining ten bonds had been signed by the chairman of said board, and signed by the said county clerk, and by him sealed, and were placed in the county treasurer's safe.   The said railway company then and there refused to accept the said twenty-six bonds in compromise or as full payment of its claim under the proposition, but gave notice in open session of the board, that it would apply for the other bonds within the time allowed by the proposition for the full completion of the railroad and the improvements connected therewith; and full notice was then given that said company did not receive said bonds in full payment or compromise of its claim under said proposition, and said bonds were delivered with such notice.

"9. That prior to June 1st, 1880, the railroad of said railroad company as so consolidated was built and completed and in operation from Cawker City, in Mitchell county, Kansas, in connection with the Atchison, Solomon Valley & Denver railway, and the Central Branch Union Pacific railroad, to and into the city of Kirwin, in Phillips county, Kansas, from the east line of said township, and that a freight and passenger depot, with side-track and stock-yard, and terminal station conveniences, were built and constructed in accordance with said proposition, within the corporate limits of said city of Kirwin, in said township of Kirwin, and within a square 200 rods in extent, of which the public square in Kirwin is the center, and prior to June 1st, 1880; and that the length of the main track of said railroad so completed and in operation in said township of Kirwin was and still is $6\frac{23}{100}$ miles, and the length of said railroad, including side-tracks, between the east line of said township of Kirwin and the west line of the city of Kirwin, was and still is $4\frac{29}{100}$ miles, and the length of the side-track in said city of Kirwin was and still is $\frac{65}{100}$ of a mile. On June 7th, 1880, the plaintiff, by its attorney and chief engineer, appeared before said board of county commissioners at a meeting thereof duly called and held, and made proof of all the foregoing facts, and of the tender of said stock certificate and of the filing of said agreement as hereinbefore recited, and the plaintiff then and there demanded of said board of county commissioners, the full board being present, and of said J. W. Lowe, the issue and delivery to it of the said ten Kirwin township bonds, amounting to $5,000, so withheld as aforesaid, less the interest that had accrued from their date to said time, or the issue and delivery to it of said amount of new bonds; but said township being present by its attorney, objected, and thereon the board refused to issue or deliver said bonds or any of them, and the plaintiff then and there requested and demanded the delivery to it of eight (8) of said bonds, amounting to four thousand ($4,000) dollars, so withheld as aforesaid, less the interest that had accrued from their date to said time, or the issue and delivery to it of said amount of new bonds, as the balance remaining due at the rate of $4,000 per mile for the $4\frac{29}{100}$ miles and said side-tracks between the eastern boundary of the county of Phillips and the township of Kirwin, and the western boundary of the city of Kirwin; but said township being present by its attorney, objected, and thereupon the board re-

fused to issue or deliver said bonds or any of them; and the plaintiff then and there requested and demanded the delivery to it of three of said bonds, amounting to $1,500, less the interest that had accrued thereon from their date to said time, or the issue and delivery to it of said amount of new bonds, as a balance remaining due at the rate of $4,000 per mile for the $3\frac{64}{100}$ miles of main track between the eastern boundary of the county of Phillips and of the township of Kirwin and the western boundary of the city of Kirwin; but said township being present by its attorney, objected, and thereupon the board refused to issue or deliver said bonds or any of them, and said ten bonds or any of them have never been delivered to plaintiff, or any new bonds in lieu of them, although the plaintiff has fully complied with the terms of such proposition within the time therein limited.

"10. On December 20, 1879, at the time the said $13,000 of Kirwin township bonds were delivered to said Atchison & Denver railway company, the said David Martin, as attorney for said railway company, tendered to the treasurer of Kirwin township a certificate of stock in due form, of which the following is a copy, to wit:

No. 17.                                    180 shares.
THE ATCHISON & DENVER RAILROAD COMPANY.
*State of Kansas.*

This certifies that the township of Kirwin, in Phillips county, Kansas, is entitled to one hundred and eighty shares of one hundred dollars each, of the capital stock of the Atchison & Denver railway company, transferable on the books of the company by said party or its attorney on surrender of this certificate.

In testimony whereof, the said company have caused this certificate to be signed by their president and treasurer, dated December 15, 1879.

[SEAL.]                       R. M. POMEROY, *President.*
                              A. J. BARNES, *Treasurer.*

But the treasurer of said township then and there refused to receive said certificate of stock for an amount exceeding 130 shares of said stock, but upon assurance and the agreement of said attorney that said company would take up said certificate for 180 shares and in lieu thereof have issued and delivered to said treasurer a certificate for 130 shares (the amount of said bonds that day delivered), the said treasurer, upon the conditions hereinbefore stated, received said certificate for 180 shares, and has since retained the same in his possession; but neither said attorney, nor said plaintiff, nor any one for it, has delivered said certificate for 130 shares. And said railway company has ever since neglected to take up said certificate

of 180 shares and issue said certificate of 130 shares, although requested so to do; and said treasurer is now and at all times has been ready and willing to deliver said certificate to plaintiff, upon demand therefor.

"It is also agreed that defendant was, previous to the commencement of this suit, tendered said certificate of 180 shares of stock to R. M. Pomeroy, president of the Atchison, Colorado & Pacific railroad company, as the successor in interest of the said Atchison & Denver railway company, and demanded that there should be issued to defendant a certificate for 130 shares of said stock, which demand has not been complied with."

The opinion herein was filed May 3, 1881.

*Everest & Waggener*, for plaintiff.

*A. G. McBride*, for defendants.

The opinion of the court was delivered by

HORTON, C. J: The principal question for our determination is, whether the consolidation of the Atchison & Denver railway company with the Waterville & Washington railroad company, the Republican Valley railway company, the Atchison, Solomon Valley & Denver railway company, and the Atchison, Republican Valley & Pacific railway company, under the corporate name of "The Atchison, Colorado & Pacific Railroad Company," released the township of Kirwin from its subscription, September 13, 1879, to the capital stock of the first-named company. It is claimed by the defendants that, on December 22, 1879, the company to which the subscription was made went out of existence; that the construction of the railroad after December 22d was by an entirely different corporation; and that the plaintiff has no interest in the original contract for the construction of the railroad through Kirwin township, or in the subscription of that township to the stock of the Atchison & Denver railway company. The case of *The State, ex rel. St. Jos. & D. C. Rld. Co., v. Comm'rs of Nemaha Co.*, 10 Kas. 569, is cited as decisive. That case is not controlling as to this. There no subscription had been made to the stock of the company to which the

bonds had been voted. There the law authorizing consolidation expressly reserved to each stockholder of the old companies the right to determine whether he would become a stockholder in the new corporation. Chapter 44 of the statute of 1865, under which the Northern Kansas railroad company and the St. Joseph & Denver City railroad company were consolidated into a single corporation on October 9, 1866, was abrogated by the adoption of the statute of March 1, 1870, and the proviso of the law of 1865 for dissenting stockholders to withdraw upon the consolidation of the companies was omitted in the law of 1870. (Laws 1870, ch. 92, pp. 195, 197.) The question resolves itself into one of power on the part of the legislature to authorize the consolidation of companies under the provisions of the law of 1870. The doctrine that, after a subscription has been made to the capital stock of a corporation, a material change of the charter by which a new and different business is superadded to that originally contemplated, or its purpose and powers altered, releases a non-consenting stockholder, is limited by a provision in the charter authorizing a change or amendment, and in this state by § 1 of article 12 of the constitution of the state, which provides that corporations may be created under general laws; but all such laws may be amended or repealed, and the statutes enacted under such constitutional provision. The law of 1870 regarding the consolidation of railroads was in force at the dates of the election and of the subscription to the stock of the Atchison & Denver railway company, and such subscription was made under the express provision of the law that the company might be consolidated with other companies at the instance and approval of parties representing two-thirds of all the stock of the corporations so consolidated. Paraphrasing the remarks of Mr. Justice Strong, in *Nugent v. Supervisors*, 19 Wall. 249, 251, when the voters of Kirwin township sanctioned a subscription by their vote, and when the subscription was made by the county clerk in pursuance of that sanction, they were informed by the law of the state that a consolidation with another company might be

made, that the stock they proposed to subscribe might be con-
verted into stock of the consolidated company, and that the
liability they assumed might become owing to that company.
With this knowledge and in view of such contingencies, they
made the contract. The subscription was therefore made sub-
ject to the contingency of the consolidation. There is no
claim that the consolidation was prejudicial to the township's
interests or those of the Atchison & Denver railway company;
nor is any fraud or wrong alleged in such consolidation. The
legislature has the power to authorize such consolidations, at
least in all cases where the rights of a stockholder are not
injured thereby. We conclude that the consolidation did not
exonerate the original stockholders of the companies from
their liability to pay their subscriptions, and therefore that it
did not release the township of Kirwin from its subscription
to "The Atchison & Denver railway company." (*Nugent v.
The Supervisors,* supra, and cases cited; *The Cork & Youghal
Railway Co. v. Patterson,* 37 Eng. L. and Eq. 398; *Nixon v.
Brownlow,* and *Nixon v. Green,* 3 H. & N. 686; *Sparrow v.
Railroad Company,* 7 Porter [Ind.] 369; *Bish v. Johnson,*
21 Ind. 299; *Hanna v. Cincinnati & Ft. Wayne Rld. Co.,*
20 Ind. 30.) "The Atchison, Colorado & Pacific railroad
company," after December 22d, 1879, was the lawful suc-
cessor in interest of the company to which the bonds were
voted and the stock was subscribed.

Some objection is made to the delivery of the bonds, on
the ground that as the construction of $3\frac{1}{32}$ miles and $\frac{64}{100}$ of
a mile of side-track of railroad brought the road *to and into*
the city of Kirwin on December 20, 1879, the construction of
more railroad within the city of Kirwin after that date does
not support the demand for the delivery of the remaining
ten bonds. The objection is not well taken. The proposition
provided that the railroad was to be completed and in opera-
tion before June 1, 1880; under its terms there was completed
on December 20, 1879, $3\frac{1}{32}$ miles of main track and $\frac{64}{100}$ of a
mile of side-track. Now the agreed statement of facts sets
forth:

18 — 25 KAS.

"That prior to June 1, 1880, the railroad of said railroad company, as so consolidated, was built and completed and in operation from Cawker City, in Mitchell county, Kansas, in connection with the Atchison, Solomon Valley & Denver railway and the Central Branch Union Pacific railway, to and into the city of Kirwin, in Phillips county, Kansas, from the east line of said township; and that a freight and passenger depot, with side-track and stock-yard and terminal-station conveniences, were built and constructed in accordance with said proposition within the corporate limits of said city of Kirwin, in said township of Kirwin, and within a square of 200 rods in extent, of which the public square in Kirwin is the center, and prior to June 1, 1880; and that the length of the main track of said railroad so completed and in operation in said township of Kirwin was and still is $6\frac{28}{100}$ miles; and the length of said railroad, including side-tracks, between the east line of said township of Kirwin and the west line of the city of Kirwin was and still is $4\frac{29}{100}$ miles; and the length of the side-track in said city of Kirwin was and still is $\frac{65}{100}$ miles."

There is no claim that any of the road constructed within Kirwin city was unnecessarily constructed, and the contract to build *to and into* the city of Kirwin permitted the company to complete the necessary main and side-tracks *within* the city. Under the proposition submitted, the aid voted was for the railroad within Kirwin township *to* and *into* the city of Kirwin, and this included all the road and side-tracks in said township and *to* and *into* (*within*) the city of Kirwin necessary for the efficient running and operating of the road, with the statutory limitation that in no case should the total amount of the aid exceed four thousand dollars per mile for each mile of railroad constructed in the township. (Sec. 1, ch. 107, Laws 1876, as amended by § 1, ch. 142, Laws 1877.)

The bonds demanded do not increase the aid in excess of four thousand dollars per mile for each mile of road constructed under the proposition or contract, and the plaintiff is entitled to all of them. There is no element of estoppel in the conduct of the Atchison & Denver railway company or the plaintiff. The Atchison & Denver railway company made a demand for all the bonds December 20, 1879, but re-

fused to receive the said twenty-six bonds in compromise of, or as the full payment of its claim under said proposition, and gave notice that it would apply for the other bonds within the time allowed by the proposition for the full completion of the railroad and the improvements connected therewith. And full notice was given that the railroad did not receive said bonds in full payment or compromise of its claim under said proposition. Its successor extended the track within Kirwin city, and demanded the remainder of the bonds according to the notice.

A peremptory writ will be directed to issue for defendants to deliver the additional ten bonds of the denomination of $500 each.

All the Justices concurring.