No. 18,443.

BURREL COLLINS BROKERAGE COMPANY, *Appellant*, v. FRANK M. DUNN, as Assignee, etc., *Appellee*.

SYLLABUS BY THE COURT.

1. CORPORATION—*Capital Stock—Trust Fund—Must be Paid for in Money or in Money's Worth.* The capital stock of a corporation is a trust fund for the benefit of the general creditors of a corporation, and one who subscribes for shares of stock must pay for them either in money or in money's worth.

2. ——— *Same.* The testimony examined and held to be sufficient to support the decision of the court refusing the allowance of a claim made against an insolvent corporation by one who had turned over property and credits in payment for shares of stock.

Appeal from Finney district court; WILLIAM H. THOMPSON, judge. Opinion filed December 6, 1913. Affirmed.

*Edgar Foster,* of Garden City, for the appellant.

*H. O. Trinkle, Fred S. Dunn,* and *William Easton Hutchison,* all of Garden City, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: The Burrel Collins Brokerage Company presented a claim of $1489.96 to the assignee of the Garden City Wholesale Grocery and Fruit Company, which was disallowed. An appeal to the district court was taken, and on a trial there the court found that only $101.07 of the claim was a legal charge against the assignee, and an appeal from that judgment was taken by the Burrel Collins Brokerage Company.

Appellant claims that in May, 1910, George W. Chesebro started a grocery and fruit business in the name of the Garden City Fruit Company and purchased several bills of goods from appellant for which payment has not yet been made, and that about July 1, 1910, Chesebro and four others incorporated the Garden City Wholesale Grocery and Fruit Company for the purpose of buying and selling groceries, fruits and vegetables, and that the corporation took over the property of the Garden City Fruit Company and assumed liability on the debts of that company. Appellant therefore claimed to be a creditor of the new corporation, and entitled to have the full amount of its claim allowed. On the part of appellee it is contended that, practically, Burrel Collins himself was the Garden City Fruit Company, and that the shares of capital stock of the new company were full payment for all the assets and credits turned over to the new company. The testimony tends to support the claim of appellee. Chesebro himself testified that Collins furnished all the money and goods that went into the business of the old company, that Chesebro was managing that business for Collins on a salary, that the incorporation was made at the instance of Collins, and that the corporation was to take over all that the old company had in exchange for the Collins stock in the new company.

He further testified that the stock was subscribed for in his name, but that he was acting for Collins and was to assign the shares of stock to Collins. Collins, according to the testimony, desired to extend the business and to procure some new money to carry it on, and two of the incorporators did pay into the treasury considerable sums of money for stock. If, as the testimony tends to show, Collins was the Garden City Fruit Company, and that he turned over whatever interest he had in that company, whether it be goods or claims, to pay for the shares of stock issued to Chesebro for him, he is not entitled to set up any claim that he owed to himself as a liability against the corporation. So far as creditors are concerned, the capital stock must be treated as a trust fund pledged for the payment of the debts of the corporation, and one who subscribes for stock must pay for the same either in money or money's worth. (10 Cyc. 472.) Under some of the testimony, the payment of the claims of Collins would be to require the corporation to return to him the money which he invested in the stock purchased for himself. Whatever may be his rights as against other incorporators, he is not entitled to an allowance of his claim as against the creditors of the company. Allowance was made for so much of the claim as was for goods purchased from appellant after the incorporation, and as there appears to be sufficient testimony to uphold the decision of the trial court disallowing the remainder of the claim, its judgment will be affirmed.