No. 28,808.

THE DICKINSON COUNTY HOSPITAL COMPANY, *Appellee*, v. BEN
KESSINGER, *Appellant*.

(279 Pac. 7.)

filed July 6, 1929.

*R. H. Seeds* and *Arthur Hurd,* both of Abilene, for the appellant.

*H. L. Humphrey* and *S. S. Smith,* both of Abilene, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: The issue involved in this appeal is whether the written instrument attached to the bill of particulars as the basis of this action is a subscription to the capital stock of a newly formed corporation or a note promising to pay the purchase price of such stock.

The defendant in his answer admitted the execution of the instrument, but alleged it was a note given in payment for five shares of dividend-paying stock of the plaintiff corporation, the Dickinson County Memorial Hospital Company, a corporation completely organized and for profit, and that the note was given in full payment of the stock and not a subscription therefor; that he has paid on such note the sum of $145.84; that the plaintiff company has failed and refused to issue the stock to him, and the by-laws of the corporation have been changed to make it one not for profit. The answer contains a general denial and concludes with a prayer for a judgment for the amount paid on the note with interest.

In the district court a demurrer to the answer was sustained and an amended answer was filed, to which a reply was filed and at the same time a motion for judgment on the pleadings. The amended answer was substantially the same as the answer. The trial court sustained the motion for judgment on the pleadings and rendered judgm'nt for plaintiff for the balance due on the subscription with interest and costs, from which the defendant appeals.

The following is a copy of the instrument upon which the action is based:

"THE DICKINSON COUNTY HOSPITAL COMPANY.

"$250.                                                                May 7, 1920.

"In consideration of the mutual promises of others, and for the purpose of securing funds for buying ground and building for the Dickinson County Memorial Hospital, I promise to pay, for value received, to the treasurer of the Dickinson County Memorial Hospital Company, the sum of two hundred fifty dollars in payment for five shares of stock at $50 per share.

"Payments to be made as follows: One-third when contract for building is let; second third when under roof; and balance when building is completed.

                                        "Name:        BEN KESSINGER.
                                        "Address:

"(Indorsements on back):
       Pd. 9-19-21.............. $83.34
       Pd. 3-23-23.............. 62.50
                               _____
                               $145.84"

Appellant's logic and reasoning is sound on most of the points raised by him, provided this instrument is a note, as he maintains, but not otherwise. In the first place, the consideration is not alone the procuring of the five shares of stock, but it is "the mutual promises of others, and for the purpose of securing funds for buying ground and building for the Dickinson County Memorial Hospital." This has all the elements of a subscription, which is usually a mutual agreement, either individually or collectively, to take and pay for shares of stock, in which agreements the nature, object and terms of the company are to some extent indicated, whereas a purchase is an individual transaction with the company, independent of others or the amount they buy.

"Subscribers to the capital stock of a corporation are, properly speaking, those who on the formation of the corporation or afterward mutually agree to take and pay for the shares of its capital stock. A purchase of stock, on the other hand, is where an individual, after the organization of the corporation is completed, makes an independent agreement with the corporation itself to purchase shares of stock from it at a stipulated price." (14 C. J. 508.)

"Anyone who in some form or another agrees to take original, unissued stock of a company seems to partake of the character of a subscriber, as contradistinguished from a purchaser of corporate stock. . . . The delivery of a stock certificate is not needed to perfect a subscription, and its nondelivery will not prevent a recovery by the assignee of the company for the unpaid installments. . . . Whether the contract is one or the other is ordinarily a question of construction." (7 R. C. L. 222.)

Appellant insists that as a condition precedent the stock must be issued and tendered, and now since the change of the by-laws the appellee cannot comply by issuing to him dividend-paying stock. But at the very threshold of this contention he is met with the positive rule that in the absence of fraud or mutual mistake parol evidence cannot be used to vary, alter or contradict the terms of a written instrument. The agreement contains no such provision, and no other writing is pleaded as modifying the one above set out. Besides, no such precedent applies to a subscription, and not regularly or necessarily to the purchase of stock.

"Ordinarily payment, whether in money, property, construction work, or the performance of services, in accordance with the terms of the contract, is a

condition precedent to the issuing of the certificate, and until such payment he is not entitled to it." (14 C. J. 482.)

"Subscription contracts in writing are to be construed as are other written contracts. In the absence of fraud or mutual mistake parol evidence will not be received to vary their terms." (*American Legion v. Thompson,* 121 Kan. 124, syl., 245 Pac. 744.)

The appellant contends that the motion for judgment on the pleadings performs substantially the same function as the demurrer to the answer, that the reply does not change the situation, and that the general denial in the amended answer constituted a defense to the plaintiff's cause of action such as should have prevented the sustaining of a motion for judgment on the pleadings. Conceding for the purposes of this case that the reply did not change or modify the issues made by the bill of particulars and the amended answer and the rule as expressed in *McBroom v. Wilgus,* 108 Kan. 14, 193 Pac. 1068, that "in determining the propriety of a motion for judgment on the pleadings, a most liberal construction is to be given to the pleadings against which the motion is leveled," yet in the same opinion it is declared:

"That defendant also pleaded a general denial is of no consequence since its effect was entirely overthrown by the subsequent statements in the answer, which pleaded all the requisite and material facts on which to base a judgment." (p. 16.)

"Ordinarily a judgment on the pleadings in favor of the plaintiff cannot be ordered in a case where issue is joined upon a general denial and other defenses, unless the general denial is overthrown by other statements in the answer." (*Cobe v. Coughlin,* 83 Kan. 522, syl. ¶ 1, 112 Pac. 115.)

"Rule followed that in the absence of pleading and proof of some species of fraud or mutual mistake a plain and unambiguous written contract must be enforced according to its terms; and neither pleading nor proof of a parol understanding at variance with the written contract can be considered." (*Hazelton v. Chaffin,* 109 Kan. 175, syl. ¶ 1, 197 Pac. 870.)

The effect of the general denial in the amended answer in this case is entirely overthrown by the subsequent allegations which fail to state a defense to the plaintiff's cause of action. In the first place, the document is a subscription and cannot be made a note by calling it such. See *A., C. & P. Rld. Co. v. Comm'rs of Phillips Co.,* 25 Kan. 261. In the second place, the change of the by-laws will not relieve a subscriber from the payment of the promise he has made.

"Irregularities in adopting by-laws for a private corporation, or in the election of its officers, where all the stockholders and officers of such corporation

recognize and treat such by-laws and such election as legal and valid, will not relieve a stockholder, who is afterwards sued by the corporation for the amount of his subscription to the capital stock of the corporation, from paying the amount of such subscription." (*Ginrich v. Patrons' Mill Co.*, 21 Kan. 61, syl. ¶ 2.)

And in the third place, none of the other circumstances alleged will be sufficient to change the terms of his written subscription or relieve him from such liability. See *Sarbach v. Fiscal Agency Co.*, 86 Kan. 734, 122 Pac. 113; *Brokerage Co. v. Dunn*, 91 Kan. 64, 136 Pac. 939; *Street Railway Co. v. Railroad Co.*, 100 Kan. 83, 163 Pac. 1067.

We conclude there was no error in sustaining the demurrer to the answer and, after the filing of the amended answer, in sustaining the motion for judgment for plaintiff on the pleadings.

The judgment is affirmed.