No. 35,460

FRANCES JAMES, *Appellee*, v. THE METROPOLITAN LIFE INSURANCE COMPANY, *Appellant*.

(125 P. 2d 369)

378

Opinion filed May 9, 1942.

*Willard L. Phillips,* of Kansas City, argued the cause, and *Edwin S. Mc-Anany, Thos. M. Van Cleave, Bernhard W. Alden, Patrick B. McAnany* and *Thos. M. Van Cleave, Jr.,* all of Kansas City, were on the briefs for appellant.

*J. O. Emerson,* of Kansas City, argued the cause, and *Fred Robertson, Edward M. Boddington* and *C. O. Littick,* all of Kansas City, were on the briefs for appellee.

The opinion of the court was delivered by

ALLEN, J.: Plaintiff brought this action to recover as the beneficiary under a certificate issued to her deceased husband under a group life insurance policy. Plaintiff filed a motion for judgment on the pleadings and opening statements of counsel. The motion was sustained and judgment entered for plaintiff. Defendant appealed.

On February 20, 1926, the defendant issued a group policy insuring the lives of certain employees of Armour and Company. Frank James was one of the employees whose life was insured, and as evidence of that fact a certificate was issued to him. He died March 4, 1932, and at that time was employed by Armour and Company. His widow, beneficiary under the certificate, made claim for the proceeds. Payment was refused on the ground that on October 20, 1931, the employment of James, the insured with Armour and Company, was terminated, and that by the terms of the insurance contract the coverage ceased, and that he was not thereafter re-insured. The action followed.

The policy and the certificate issued plaintiff's husband were attached to the pleadings as exhibits. The policy provided:

"The company hereby promises to pay to the beneficiary, as designated by any such employee, the amount for which such employee is insured in accordance with the formula. . . ."

FORMULA

"All employees of the employer who are not included in the pension fund group, who are actively at work and who completed six months of continuous service shall be eligible to apply for insurance under this policy.

"All new employees of the employer who are not included in the pension fund group, and who are actively at work shall be eligible to apply for this insurance upon the completion of six months of continuous service.

"The amount of insurance, as to each employee insured hereunder, shall be Male employees————$1,000.

.   .   .   .   .   .   .   .   .   .   .   .

"2. REGISTER.—The employer shall keep a register (in card index form), which shall show at all times the names of all employees ever insured hereunder and the amount of insurance in force or previously discontinued on each of such employees, together with the date when any insurance became effective or was discontinued or of any increase or decrease thereof. The employer agrees to allow the company to inspect and audit such register at any time.

"6. INSURANCE TO BE DISCONTINUED.—(a) The insurance on any employee insured hereunder who shall have ceased to be in the employ of the employer, shall be discontinued as of the pay day (midnight) next following the date such employee left the employ of the employer. Layoff or leave of absence of two (2) months or less shall not be considered, and retirement on pension shall not be considered, a termination of employment within the meaning of this policy unless notification to the contrary shall have been given by the employer to the company within thirty-one (31) days after the date such layoff, leave of absence or retirement shall have commenced.

"(b) The insurance on any employee insured hereunder, who shall have notified the employer, in writing, that his insurance under this policy is to be discontinued, shall cease as of the pay day (midnight) next following the date such notice of discontinuance is received by the employer.

"7. INSURANCE ON NEW ENTRANTS.—(a) Employees not insured on the date of issue of this policy must make written application for insurance hereunder, to the company, on forms furnished by the company, on or before the thirty-first day next following the date when they became eligible under the formula. The insurance on any such employee shall become effective on the pay day (midnight) next following the date of eligibility or next following the date of such written application—whichever is later.

"(b) Employees making written application after such thirty-first day and employees reapplying after terminating their insurance for any reason other than termination of employment, must furnish evidence of insurability satisfactory to the company before they may be insured hereunder. Any such insurance shall become effective on the pay day (midnight) next following the date of the determination by the company of the sufficiency of such evidence of insurability.

"10. CERTIFICATE OF INSURANCE.—The company will issue to the employer, for delivery to each employee whose life is insured hereunder, an individual certificate setting forth a statement as to the insurance protection to which such employee is entitled, the beneficiary to whom payable, together with a

provision to the effect that in case of the termination of the employment, for any reason whatsoever, such employee shall be entitled to have issued to him by the company, without evidence of insurability, and upon application made to the company within thirty-one days after such termination and upon the payment of the premium applicable to the class of risk to which he belongs and to the form and amount of the policy at his then-attained age (nearest birthday), a policy of life insurance in any one of the forms customarily issued by the company (except term insurance) in an amount equal to the amount of his protection under this policy at the time of such termination. Upon termination of employment in the manner referred to in Section 6 (a) hereof, the insurance on any discontinued employee under this policy automatically terminates, and the company shall be released from any further liability of any kind on account of such person unless an individual policy is issued in accordance with the above provision."

Plaintiff alleged in her petition that on February 20, 1926, the defendant issued to her husband, Frank James, its certificate of insurance on the life of Frank James in the sum of $1,000 payable to plaintiff as beneficiary upon the death of the husband while an employee of Armour and Company and while the group policy No. 2893G was in force. It was alleged Frank James died March 4, 1932, while he was an employee of Armour and Company and while the group policy was in force. It was also stated that Frank James during his lifetime, and plaintiff since her husband's death, had performed all the conditions of the certificate of insurance and of the group policy, but that defendant refused to pay the amount of the insurance.

The defendant's answer contained a general denial of the allegations of the petition except as later admitted in the answer. Defendant admitted that the group policy and certificate were issued as alleged in the petition and that the group policy was in force at the time of Frank James' death. The defendant set out its interpretation of those provisions of the policy which have been quoted above, and then continued:

"6. Defendant states that said Frank James left the employ of Armour and Company on the 20th day of October, 1931, and that by the terms of said certificate attached to plaintiff's petition as 'exhibit A,' and the provisions of said group policy attached hereto as 'exhibit A,' such insurance on said Frank James was discontinued and no longer in force or effect from and after midnight of the following Friday, or October 23, 1931.

"7. Defendant states that said Frank James was afterwards, and on November 3, 1931, again employed by Armour and Company at its Kansas City, Kansas, plant, and remained in such employment until December 31, 1931. That he again entered such employment on February 6, 1932, and remained in

such employment until February 11, 1932. That he again entered such employment on February 27, 1932.

"8. Defendant states that under the employments of Frank James with Armour and Company, subsequent to October 20, 1931, his life was not insured under such group policy, as such policy expressly provided that this defendant insured the lives of those employees of Armour and Company who were eligible for insurance under the formula therein contained, and such formula made new employees of the company eligible to apply for such insurance only upon the completion of six months' continuous service. Defendant states that the insurance on the life of Frank James under the aforesaid group policy and certificate, was discontinued on October 23, 1931, by reason of the termination of the employment of Frank James with Armour and Company on October 20, 1931, and insurance on the said Frank James was thus automatically terminated and this defendant released from any further liability of any kind on account thereof. That said Frank James, never having thereafter completed six months' continuous service with said Armour and Company, never became eligible for, nor could he be insured under such group policy."

Plaintiff filed a reply which was in effect a denial of the allegations of the answer insofar as the answer differed from the petition.

A motion for judgment on the pleadings is in the nature of a demurrer. (*Smith v. Lundy*, 103 Kan. 207, 173 Pac. 275.) It is in substance both a demurrer and a motion—a demurrer for the reason it attacks the sufficiency of the pleadings, and a motion for the reason it is an application for an order for judgment. (*Fielding v. Alkire*, 124 Kan. 592, 261 Pac. 597; 49 C. J. 668.)

Like a demurrer, the motion admits the truth of all matters well pleaded. Where a pleading sets out or refers to a written instrument such as a contract, and alleges such contract has a certain sense or effect, a demurrer admits the existence of the writing, but does not admit it has the meaning or legal effect ascribed to it by the pleader. (*Rettiger v. Dannelly*, 91 Kan. 61, 136 Pac. 942; *G. S. Johnson Co. v. N. Saure Milling Co.*, 148 Kan. 861, 84 P. 2d 934; *Pennington v. Kross*, 154 Kan. 666, 668, 121 P. 2d 273.)

A plaintiff is entitled to judgment on the pleadings where his cause of action is admitted and no facts are alleged in the answer which would defeat the admissions. (*Nation v. Clay*, 125 Kan. 735, 266 Pac. 45; *Fenley v. Garvin*, 110 Kan. 185, 203 Pac. 301.) Where the answer contains a general denial, a motion for judgment on the pleadings may be sustained if the general denial is overthrown by other statements and admissions in the answer. (*Dickinson County Hospital Co. v. Kessinger*, 128 Kan. 576, 279 Pac. 7.)

Under section 6 (a) of the policy, insurance on any employee will be discontinued when the employee (1) shall have ceased to be in the employ of the employer, and (2) layoff or leave of absence of two months or less shall not be considered a termination of employment unless the employer shall notify the insurance company to the contrary. Under 6 (b) the insurance on any employee may be discontinued if the employee shall in writing notify the employer that he desires the insurance discontinued.

In paragraph 6 of defendant's answer, it was alleged: "Defendant states that said Frank James left the employ of Armour and Company on the 20th day of October, 1931. . . ." This clause seems to be the only direct allegation which attempts to state any change in the relationship between the employer and the employee on the date mentioned. To say that James "left the employ" of Armour and Company at the time stated might mean that such employee took a layoff or a leave of absence. By the express language of 6 (a) of the policy, a layoff or leave of absence of two months or less, in the absence of notice in writing by the employer to the company within thirty-one days after the date of such layoff or leave of absence, would not terminate the employment, and consequently would not discontinue the insurance.

In plaintiff's petition it was alleged that Frank James died while he was an employee of Armour and Company and while the group policy was in force and that all the conditions of the group policy and the certificate had been performed. To raise an issue of fact as to whether the insurance on the life of James was in force at the time of his death it was necessary for the defendant to plead facts showing a termination of the employment of James as specified in 6 (a) of the policy, which would discontinue the insurance, or that the insurance was discontinued by written notice from the employee to the employer as specified in 6 (b). The equivocal allegation that the employee "had left the employ" of Armour and Company falls far short of a denial of the allegations in the petition. The motion for judgment on the pleadings does not admit the meaning or legal effect ascribed to the provisions of the policy of insurance as set forth in the answer.

In the opening statement of counsel for defendant it was stated that Armour and Company did send a notice to the defendant insurance company that the employment of James with Armour's had terminated. This notice was dated November 28, 1931. Paragraph

7 of the answer states James was again employed on November 3, 1931, and remained in such employment until December 31, 1931. Not only was James employed on November 28, 1931, when the notice was given, but the notice was not within thirty-one days from the date he stopped work as alleged in the answer. We are not impressed with the theory that a notice on that date operated to discontinue the insurance.

For the reasons stated, we think the order and judgment of the trial court must be affirmed. It is so ordered.