WILLIAM POLLAK, Appellant, *v.* JOHN DAPPER, Respondent.

*Contract — specific performance — memorandum of sale of land providing " terms to arrange upon the signing of the contract " may not be specifically enforced.*

*Pollak* v. *Dapper*, 219 App. Div. 455, affirmed.

(Argued June 14, 1927; decided July 20, 1927.)

APPEAL from a judgment, entered March 21, 1927, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term and directing a dismissal of the complaint in an action to compel specific performance of an alleged contract for the sale of land. The memorandum relied upon stated " terms to arrange upon the signing of the contract." The Appellate Division held that the writing was not a complete contract that might be specifically enforced.

*Henry W. Unger* and *A. Georges Sidelle* for appellant.
*Joseph Gazzam* and *Patrick J. McGrath* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

BEATRICE FEIGENBAUM, an Infant, by DAVIS FEIGENBAUM, Her Guardian ad Litem, Respondent, *v.* NARRAGANSETT STABLES CO., INC., Defendant, and JOHN H. NAUGHTON et al., Appellants.

*Corporations — directors — distribution of assets without making provision for payment of creditors — action by creditor to compel directors to account.*

*Feigenbaum* v. *Narragansett Stables Co., Inc.*, 219 App. Div. 729, affirmed.

(Argued June 14, 1927; decided July 20, 1927.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department,

entered January 21, 1927, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.   Plaintiff recovered a judgment against defendant corporation for personal injuries received through its negligence.   Execution was returned unsatisfied.   On supplementary proceedings it appeared that subsequent to plaintiff's injury the corporation ceased doing business but was never legally dissolved and that appellants herein, the only stockholders, directors and officers of the corporation, divided the assets between them.   This action was brought to compel such appellants to account for sufficient of the assets to pay the plaintiff's judgment.

*James G. Purdy* and *Arthur K. Wing* for appellants.
*Anton Gronich* and *Abraham S. Keilson* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

PERCIVAL WILDS, as Trustee in Bankruptcy of WINFIELD S. NORRIS, Trading as SCOTT NORRIS & COMPANY, Appellant, *v.* LEBANON NATIONAL BANK, Respondent.

*Banks and banking — fraud — deposit by manager of business of checks drawn to order of firm in bank to account of dummy corporation — withdrawal of such funds and transfer thereof to his own use — liability of bank therefor.*

*Wilds* v. *Lebanon Nat. Bank,* 219 App. Div. 597, affirmed.
(Argued June 14, 1927; decided July 20, 1927.)

APPEAL from a judgment, entered April 9, 1927, upon an order of the Appellate Division of the Supreme Court in the fourth judicial department, reversing a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term and directing a dismissal of the complaint.   The suit is brought by a trustee in bankruptcy of an insolvent who trading as Scott Norris & Company ran a business under that name.   One Carlisle