## No. 28,604.

ROY WELDEN, *Appellant*, v. THE EDGAR ZINC COMPANY, *Appellee*.

(275 Pac. 151.)

Opinion filed March 9, 1929.

*Payne H. Ratner,* of Parsons, and *Harold Medill,* of Independence, for the appellant.

*J. A. Brady,* of Cherryvale, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This proceeding was brought to recover compensation under the former compensation act, R. S. 44-501 to 44-547. Roy Welden was an employee of the Edgar Zinc Company, and in the course of his employment sustained an injury by falling from the side of a coal car on his head and shoulders. The parties, who were operating under the compensation law, mutually agreed to submit the claim for compensation to a designated arbitrator, and stipulated that the arbitrator should find from evidence whether Welden is suffering from the result of an injury arising out of his employment; the character and quality of any disability suffered; whether or not any amount is due Welden as compensation; the probable period over which payments of compensation are to be made, and whether the proper notice and demands have been made for compensation. A hearing was had before the arbitrator upon evidence produced by the parties, only part of which is preserved in the record of this appeal, and findings were made on the questions submitted.

The material part of his findings is that not being satisfied with the evidence presented, he appointed two physicians to make an examination of plaintiff, particularly as to the condition of his ear and of the nature and extent of the injuries to his arm and shoulder. An examination was made by the physicians appointed, who made reports which were filed with the arbitrator, but these reports are not included in the record presented here. It was found that Welden was in the employ of the defendant when the injury was sustained, that while so employed he fell a distance of about nine feet from the side of a coal car, striking on the right side of his head and shoulder on the bed of the railroad, which resulted in a slight cut near the ear and right side of his head; that he had been previously in good health; that at the time he was receiving wages of $3.05 per day; that on account of his injury he was sent to the doctor who treated him from June 9, 1925, to June 24, 1925, when he returned to work, and continued work until about August 1, 1925, when he again stopped work and was treated by the doctor until about September 1, 1925. Then he returned to work for the company and continued until he left the service on October 25, 1927. That shortly after the injury he complained of the loss of hearing in his right ear and he is now practically deaf in that ear; but it was

found from the evidence that the deafness was not due to the injury, but had arisen wholly from other causes. The arbitrator found that plaintiff did suffer an injury to his right shoulder and arm as the result of his fall, so that there is a partial loss of the sense of feeling in the lower half of his right arm, and to a certain extent grip in that hand is affected. There was a finding that while Welden had continued at work for the plaintiff from September 1, 1925, until October 25, 1927, he did this with some discomfort and with more or less pain, but it was further found that the injury to the arm is not permanent, and that the condition of the arm will improve.

There was a finding that plaintiff was wholly disabled from performing work from June 9 to June 24, 1925, and also from August 1 to September 1, 1925, and that he has been paid in full for those periods; and further, that since the last date he has been employed at the same character of labor and was paid the same wages received by him before the injury, though done with some pain and inconvenience, and was therefore not entitled to compensation during that period. It was further found, that since October 25, 1927, the claimant has been able to earn the sum of $8.30 per week, and that he will be able to earn that amount per week for a period of 120 weeks from the date named, after which it is found that his disability will cease and he will be able to earn the amount he was receiving at the time of his injury. There was a finding that during the period of 120 weeks he was entitled to be paid at the rate of sixty per cent of the difference between the amount earned before the injury and that earned during the disability, to wit, the sum of $6 per week; that from October 25, 1927, to January 24, 1928, a period of thirteen weeks, he was entitled to be paid the lump sum of $78, and that beginning January 1, 1928, for a period of 107 weeks he was entitled to be paid at the rate of $6 per week; after that time it was found that his compensation should cease.

The report of the arbitrator was presented by the plaintiff to the district court for a review upon the claim that the award was grossly inadequate, and that court after a full hearing determined that no grounds existed for a modification of the award or for a review of the action of the arbitrator. In this appeal the plaintiff insists that a larger compensation should have been allowed. The questions in dispute as to the nature and extent of the injury, the temporary or permanent character of it and all other questions of

fact submitted were considered by the arbitrator, and his findings are binding in the absence of fraud, undue influence, serious misconduct or gross inadequacy of the award. (*Guison v. Hamilton Coal Co.*, 120 Kan. 329, 243 Pac. 301, and cases cited.) The record does not show grounds for the limited review which is provided in the statute. The only one claimed by plaintiff as we have seen was inadequacy of the award. The findings show the wages plaintiff was receiving when he was injured, the time he was totally disabled immediately after the injury, and further that full compensation for that time had already been paid. It was found that otherwise the disability was temporary, and the right to compensation would cease at a certain time, and that during the intervening time plaintiff was entitled to and was awarded compensation within the rules of the statute by which compensation is measured.

We conclude that no ground for a modification of the award was shown. No claim is made that it was obtained by fraud or undue influence nor that the arbitrator was guilty of serious misconduct, but as shown his only complaint is the inadequacy of the amount awarded. That involved the nature and extent of the injury for which compensation should be paid, which are questions of fact for the determination of the arbitrator. It has been said that:

"Where the arbitrator has in good faith made a finding of fact based upon conflicting testimony, the court is not warranted in setting the award aside even if it might have come to a different conclusion than was reached by the arbitrator upon such evidence. As held in *Kinzer v. Gas Co.*, 110 Kan. 574, 204 Pac. 999, the fact having been determined by the arbitrator upon sufficient evidence, his finding cannot be set aside without a showing of flagrant inadequacy which warrants an inference of unfairness or misconduct." (*Albertsen v. Swift & Co.*, 117 Kan. 337, 230 Pac. 1057.)

Nothing appears in the evidence or findings to warrant a holding that the proceedings of the arbitrator were open to review on the ground of gross inadequacy of the award.

The judgment is affirmed.