No. 28,604.

ROY WELDEN, *Appellant,* v. THE EDGAR ZINC COMPANY, *Appellee.*

(283 Pac. 618.)

Opinion on rehearing filed January 11, 1930. (For original opinion of affirmance see 127 Kan. 870.)

*Payne H. Ratner,* of Parsons, and *Harold Medill,* of Independence, for the appellant.

*J. A. Brady,* of Cherryvale, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: In this case reported in *Welden v. Edgar Zinc Co.,* 127 Kan. 870, 275 Pac. 151, a motion for a rehearing was granted and a hearing has been had upon the single question whether under the compensation law a workman who has been awarded full compensation up to the time he recovers from his disability so as

to be able to return to work, when he did return and worked for the same employer at work of the same character as he had been performing before the injury, and was paid the same wages by his employer, is entitled to additional compensation.

Full compensation had been awarded to plaintiff from the time of the injury, June 9, 1925, until he returned to work for his employer on September 1, 1925. Upon his return he was employed at the same class and kind of labor he was doing before his injury and continued to do that work until October 25, 1927, for which he was paid the wages which he had formerly earned. There is no claim that he is entitled to compensation after the last date named. The arbitrator found that the work done during this two-year period was done with discomfort and more or less pain and inconvenience on account of the injury to his right arm. The arbitrator found that for this period he was not entitled to added compensation. Although the workman was paid the wages formerly earned for this period, he contends that because the work was done with discomfort and more or less pain he is entitled to what is called back compensation. It appears that the workman has suffered no diminution of wages or earning ability, as he earned and was paid the full wages he was earning before the accident. The fact that he did this work with some discomfort and pain might have been an element of recovery in an ordinary action to recover damages for negligence. The compensation law is a marked departure from the theory of actions based on the wrongs or negligence of employers. It is based on the theory of taxing the industry for the loss sustained by accidental injury to a workman while employed in such industry, and compensation is to be paid regardless of the negligence of the employer or even the fault of the workman. The theory is that the compensation is to be measured not as damages for pain and suffering, but for the loss sustained by the incapacity of the workman resulting from the accidental injury. In general it may be said that the test to be applied is the difference between average earnings of the workman before the accident, and his average earnings after the accident. The statute schedules the amount of compensation for certain injuries and fixes minimum and maximum limits of recovery in other cases. The industry is not to be taxed for accidental injuries beyond the workmen's loss of earning capacity measured as the statute provides. Here the workman earned and has received full wages for the entire period for which compensation is sought. He has received more even than he would

have been paid if he had not returned to work. The limit in that case would have been $6 per week, and it appears that he was paid more than $18 per week.

Plaintiff contends that former rulings of the court warrant an allowance for disability where he continues at work before complete recovery is had from the injury, and it may be conceded that some general language used in the decisions afforded ground for that contention. He cites *Gailey v. Manufacturing Co.*, 98 Kan. 53, 157 Pac. 431, where it was decided that the injured employee does not lose his right to compensation by remaining in the service of his employer at his former wages. In that case the employee had two of his fingers mashed so that he could not use them effectively. The injury was permanent in character, and while he had been taken back and had done work for his employer at the same wages for several weeks, no one could tell how long he might be retained in that service, nor whether he could obtain other employment when he left the service of his employer. He might be discharged at any time or he might for good reasons quit the service, and by reason of his permanent disability might not find other gainful employment, and therefore compensation was rightly allowed. See, also, *Sauvain v. Battelle,* 100 Kan. 468, 164 Pac. 1086.

Another case relied on is *Raffaghelle v. Russell,* 103 Kan. 849, 176 Pac. 640, where the injury resulted in permanent partial incapacity. The plaintiff obtained work which was done with distress and pain and during that time was paid wages equal to those paid before the accident, and defendant claimed he was not entitled to compensation. It appeared that although the plaintiff received the same wages, he had to go to another state to get employment, and to keep his place there he had to get the aid of fellow workmen. The injury was of a permanent nature and how long he could hold the job with the help of other workmen was a problem.

In a case of partial disability which it was found would exist for four years, the workman had obtained work at the same wages as he had received before, but it was shown that he was only able to do the work by the aid of specially designed tools. It was held that the wages received are not necessarily a conclusive test of earning capacity. A job with specially designed tools might not be available to him during the four-year period of disability. (*Quillen v. Wichita Gas Co.,* 128 Kan. 9, 275 Pac. 1075.) In a somewhat similar case where there was permanent partial disability

compensation had been awarded for the full period of eight years, on which some payments had been made. An application was later made by the employer to be relieved from continuing payments because the workman was doing work and was receiving wages. equal to what he was earning when injured. It was shown that he worked with one hand, and only part of the time, and could not do his regular work. It was held that he was entitled to. compensation. These and like cases where work was done and a regular wage earned by the help of others or by the use of tools specially designed to enable him to overcome permanent defects, where the compensation period had not elapsed and where the getting and holding a job at full wages was problematical, are not deemed to be applicable to the case in hand. Here the period of compensation had elapsed within which any compensation was or could be claimed. The work had been done and full wages had been paid for it. There was nothing uncertain about the workman's condition or his future earning capacity. The work, it is true, was done with discomfort and some pain for a period of two years, but that did not diminish his earning capacity. The back pay asked by plaintiff because of discomfort and pain would be more than the loss of earning capacity, something more than the compensation provided by the act. An allowance for pain and suffering would be something in the nature of damages for the negligence or wrong of the defendant, which is inconsistent with the substituted remedy of compensation The decision formerly made is adhered to.

JOCHEMS, J., not participating.