No. 32,535

Roy Welden, *Appellant*, v. The American Steel & Wire Company, *Appellee.*

(53 P. 2d 1195)

Opinion filed January 25, 1936.

*Payne H. Ratner,* of Parsons, and *Harold Medill,* of Independence, for the appellant.

*J. A. Brady,* of Cherryvale, for the appellee.

The opinion of the court was delivered by

Hutchison, J.: This action was one claimed by the plaintiff to be under the statute authorizing a review and modification of an award in a compensation case.

The award in this case was made under the old law by an arbitrator for an injury received by the plaintiff on June 9, 1925. The award was for $6 per week for 107 weeks after January 24, 1928, for temporary partial disability, which award would end February 14, 1930.

The action in which the arbitrator made this award was against the Edgar Zinc Company. This action at bar was commenced in the district court of Montgomery county, August 14, 1934, against the American Steel and Wire Company, and after setting forth the facts of the injury and the award, the petition states that the Edgar Zinc Company on June 25, 1928, paid the entire amount of the award into the office of the clerk of the district court, and the plaintiff accepted payment under said award with the exception of the last or final weekly payment of $6, which he refused to accept, and

which amount is now held by the clerk of the district court unaccepted, and plaintiff contended before the arbitrator, and still claims, that his disability was permanent in nature and partial in character and that the award of the arbitrator was grossly inadequate.

Plaintiff alleges that it is now more than eight years since the accident which resulted in his injury, and describes in detail the suffering he endures and the disability experienced therefrom. He also alleges that prior to the expiration of eight years from the date of his injury, viz., on January 27, 1932, the Edgar Zinc Company sold and disposed of all of its corporate assets to the American Steel & Wire Company for cash, and the holders of the common stock of the Edgar Zinc Company received approximately $110 per share and the Edgar Zinc Company was dissolved and ceased to exist. Plaintiff further alleges that the American Steel & Wire Company held approximately seventy percent of the stock in the zinc company and was paid therefor approximately $800,000 from the sale of the assets of the zinc company, and it was in actual control of the business of the zinc company at the time of the sale of the zinc company's corporate assets. That because his disability is permanent instead of temporary, as found by the arbitrator, plaintiff claims $6 per week for 415 weeks, less the amount he has already received, and also interest on the same, amounting to something over $2,000.

To the petition are attached as exhibits the report and award of the arbitrator, a statement of amounts claimed with interest and a copy of a notice of demand made upon the steel and wire company before filing the petition.

The defendant demurred to the petition for the reason that it failed to state facts sufficient to constitute a cause of action. The trial court sustained the demurrer, and the plaintiff appeals.

The all-important question involved in this appeal is classed by the appellant as follows: Does the plaintiff have the right to proceed against the American Steel & Wire Company to collect the compensation he could have collected from the Edgar Zinc Company had it remained in business and not disposed of its assets to the American Steel & Wire Company? And it is the theory of the appellant that when a corporation goes into voluntary liquidation, such as the Edgar Zinc Company did, its assets are a trust fund to which each creditor may look for payment, and if the funds are paid out to the stockholders without regard to the creditors' rights

there is, in that event, created a personal liability between the creditor of the corporation and the stockholder to whom the funds were paid. Appellant cites one Kansas case on this point, viz., *Brokerage Co. v. Dunn*, 91 Kan. 64, 136 Pac. 939, and relies upon the expression contained in the opinion that the capital stock must be treated as a trust fund pledged for the payment of the debts of the corporation. In that case, however, the corporation in taking over the property expressly assumed all the liabilities and debts of the old company. Nothing of this nature is alleged in the petition in the case at bar, except as a matter of law, which is entirely different from the liability under a definite contract. It is not here alleged that any action or claim against the Edgar Zinc Company was anywhere pending or on record that had not been fully paid by the zinc company. Neither is it alleged that any action was pending for a review or modification of the award of the arbitrator that had been made and fully paid.

Appellant cites the case of *Feigenbaum v. Stables Company*, 245 N. Y. 628, 157 N. E. 886, where the stockholders of a corporation that had ceased doing business divided among themselves the assets of the old company, and they were held liable to the plaintiff for injuries he had received by the negligence of the old company, he having recovered a judgment therefor against the old company prior to such division of assets. There the matter involved was the enforcement and collection of a preëxisting judgment against the old company.

Here the main point to be determined, as stated in the petition, is whether the injury and disability was temporary or permanent. The petition states that the disability had been decided as being temporary, whereas it should have been found by the arbitrator to have been permanent. The New York case might have been in point if an action had been brought against the zinc company and a judgment had been obtained that the disability was permanent and later with such judgment of record the stockholders had divided the assets. This defendant is a stranger to the accident and the extent of the injury so far as the petition shows, except that it became a stockholder at some time not stated. This is not even an unliquidated debt. It has been fully liquidated and paid, but under the compensation law it is now proposed to show and prove the disability is greater than theretofore established. We have a separate and entirely distinct procedure and rules for determining the liability in compensation matters.

In the case of *Echord v. Rush,* 122 Kan. 260, 251 Pac. 1112, it was held that "the remedy afforded by the workmen's compensation law is exclusive," and in the opinion it is said that if plaintiffs can get no relief under the compensation act they are without relief.

In the case of *Roper v. Hammer,* 106 Kan. 374, 187 Pac. 858, it was held:

"The remedy by arbitration provided by the workmen's compensation act is distinct from the arbitration provided for by the general arbitration statute, is complete in itself, and is to be liberally interpreted and flexibly applied, to accomplish its peculiar purpose." (Syl. ¶ 3.)

No provision is cited for reaching stockholders of respondent companies in compensation matters, or reaching purchasers of the assets of respondents where there is no action pending or notice of indebtedness.

Appellant cites eminent authorities on the question of the liability of officers and stockholders of corporations for the debts of the corporation under certain circumstances and conditions and also of purchasers of the assets of debtor companies, but none of such authorities cited attempt to apply such rules to compensation matters.

The very first section of the workmen's compensation law, R. S. 44-501, limits the liability thereunder to employers. The third section, R. S. 44-503, makes it include subcontractors. The fourth section, R. S. 44-504, refers to the "legal liability against some person other than the employer," and allows the workman to exercise a choice, but he shall not be entitled to recover both damages and compensation.

The liability for compensation under this special law, which is complete in itself, is limited to an "employer." There is no allegation in the petition that this defendant is now or ever was an employer of the plaintiff. The action appears to be one seeking to enforce a legal liability under the code, notwithstanding the real matter involved, as stated by the appellant, is the determination, under the special compensation provision, of the question of whether the disability was temporary or permanent. The purchaser of assets of the respondent company, the employer, or the holder of stock in such company, is not shown to be under the compensation law nor required to defend against such a claim. Such a party is not an employer and is therefore not liable.

The demurrer to the petition, we think, was properly sustained.

In the briefs of both parties reference is made to the two former

decisions by this court concerning the same accident and injury, *Welden v. Edgar Zinc Co.,* 127 Kan. 870, 275 Pac. 151, and 129 Kan. 422, 283 Pac. 618, both of which cases arose on an application for a review and modification of this same award by the arbitrator and an appeal from the decision of the trial court denying the same, the last case being a rehearing on one particular branch of the earlier decision. We do not think these decisions need to be taken into consideration in passing upon the sufficiency of the petition in the present case, which is against a new defendant.

The judgment is affirmed.