No. 34,245

WILLIAM B. DOBSON, *Appellee,* v. THE APEX COAL COMPANY, Respondent, and CONSOLIDATED UNDERWRITERS, Insurance Carrier, *Appellants.*

(91 P. 2d 5)

Opinion filed June 10, 1939.

*P. E. Nulton* and *R. L. Letton,* both of Pittsburg, for the appellants.

*A. H. Carl,* of Pittsburg, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is a workmen's compensation case. The appeal is from an order of the district court approving a ruling of the compensation commissioner refusing to modify an award of compensation previously made.

The facts, so far as pertinent here, are not seriously controverted and may be stated as follows: The claimant, William B. Dobson, was employed by the Apex Coal Company at a steam shovel. He was known as a "groundman," and his work consisted of shooting rock, laying track, water lines, and doing anything there was to be done on the grounds about the operation of the steam shovel. The parties operated under the workmen's compensation act. Dobson was a member of the fourth shift and worked at night. The night of December 26, 1937, a chunk of hard gumbo dirt fell off the dipper of the shovel and struck him, fracturing the internal and external malleoli (the rounded lateral projection on each bone of the leg or ankle) of his left ankle. He went to the employer's doctor, who took X-ray pictures, which disclosed the fractures in the malleoli, and put the foot and ankle in a plaster cast. The workman was unable to continue his employment, but it was not necessary for him to go to a hospital. He went on crutches to the doctor's office for treatment. The plaster cast was removed in about four weeks and it was found that the fractures had knit, but the ankle was swollen and tender. The doctor advised using the foot and ankle a little and to increase the use as rapidly as that could be done reasonably. His employer began the payment of compensation promptly, and continued to make such payments until February 21. It then tendered a check for the balance it thought was due, together with a receipt for final payment, which tender was refused. On March 2 Dobson went back to work at his old job, and at regular wages, and continued to work until March 12, when the shift of which he was a member was laid off because of the lack of work.

On April 16, 1938, the workman filed his claim for compensation. This was heard before the commissioner on May 19. On June 28 the compensation commissioner made an award in which he found the claimant was entitled to compensation for forty-two weeks for temporary total disability, at the rate of $18 per week, and made an award accordingly. No appeal was taken from that award by either party.

On July 9, 1938, the respondent filed a petition for review, in which it was alleged that the award was excessive, and that the incapacity and disability of the claimant had terminated or diminished since the making of the award, and that the claimant since the hearing on his claim had returned to work for respondent and was earning the same or higher wages than he was earning at the time of the accident and injury. The prayer of the petition was that the commissioner determine the rights of the parties under the award and review, or cancel or modify the award heretofore filed, and terminate or diminish the compensation previously awarded to claimant. This petition was heard by the compensation commissioner on September 15, 1938, upon evidence introduced by the respective parties. . On September 19, 1938, the commissioner made an order denying modification of the award, which order in part reads:

"The commissioner has considered the testimony introduced and is of the opinion that such evidence is not sufficient upon which to base a finding that the claimant's disability has either diminished or ceased. It may be true that claimant has returned to work and is earning the same or higher wages than he was earning at the time of the accidental injury. It does not necessarily follow that his disability has diminished or ceased, and the commissioner is of the opinion from the evidence that the claimant is still disabled and that the respondent's application for review and modification should be denied."

Respondent appealed to the district court, where the matter was argued October 18. On November 26 the court made a finding that the findings and award of the commissioner of workmen's compensation should be affirmed and adopted in all respects, and made an order accordingly. The appeal is from this ruling.

Turning now to the legal questions argued, we are first confronted with a contention on behalf of appellee that the last ruling of the compensation commissioner was not a new award, and that the order of the district court affirming it was not an appealable order. The same question was raised in *Stevens v. Kelly-Carter Coal Co.,* 140 Kan. 441, 37 P. 2d 48, where the court disposed of it by saying—

"The statute [G. S. 1935, 44-528] provides that either party may ask for modification of the award on the ground that it was inadequate or that it was excessive or that claimant had recovered. In the proceedings under consideration here claimant claimed the award was inadequate. Respondent claimed that claimant had recovered. The examiner and the district court heard both sides and overruled both. This appeal is from that judgment and is taken in time. The last award of the commission was a new award and the order of the district court affirming it was an appealable order." (p. 443.)

This holding accords with our prior decisions. (*Resnar v. Wilbert & Schreeb Coal Co.*, 132 Kan. 806, 297 Pac. 429; *Hurst v. Independent Construction Co.*, 136 Kan. 583, 16 P. 2d 540.)

Appellants contend that in the hearing before the compensation commissioner, upon the petition for review and modification of the award, there was no evidence which justified the finding of the commissioner, and since the district court reviewed the same evidence, that there was no evidence to justify its approval of the finding and ruling of the commissioner. This requires an examination of that evidence.

Before going into that, we think it worth while to note that since there was no appeal by either party from the award made by the compensation commissioner June 28, based upon the workman's claim for compensation, which was heard May 18, 1938, that award has become final. (*Hurst v. Independent Construction Co.*, supra; *Cornell v. Cities Service Gas Co.*, 138 Kan. 607; 27 P. 2d 228.) Being final, it was binding not only upon the parties, but upon the compensation commissioner, and upon the district court as well as this court. Whether that award should have been different in some respects cannot now be inquired into. It was an award for temporary total disability.

In *Billings v. United Power & Light Corp.*, 125 Kan. 370, 374, 263 Pac. 779, it was said:

". . . compensation is allowed for disability. In its most disastrous form, disability is total and permanent. Total means, of course, complete to the last degree. Permanency is arbitrarily limited to a period of eight years, or 416 weeks, following injury."

In *Gorrell v. Battelle*, 93 Kan. 370, 144 Pac. 244, it was held:

"The workmen's compensation act provides for compensation during incapacity, and the implication is that compensation should cease when incapacity ends." (Syl. ¶ 4.)

In *Moore v. Manufacturing Co.*, 99 Kan. 443, 162 Pac. 295, an award had been made upon a finding of permanent total disability. A petition for review and modification was filed upon the ground that the workman "is now conducting a cleaning, pressing and tailoring business . . . and . . . is making from twelve ($12) dollars to fifteen ($15) dollars a week out of said business." It was contended that this fact was inconsistent with the finding of total incapacity to work. There was no showing that he did any manual labor in connection with his business, hence the petition to review and modify was denied. In the opinion it was said:

"If it had been shown in this instance that the plaintiff personally performed a part of the work of cleaning, pressing and tailoring, a very different question would be presented. Possibly any portion of his income that could be traceable to such work on his part should be given the same effect as though he received it as wages." (p. 447.)

In *Sauvain v. Battelle*, 100 Kan. 468, 164 Pac. 1086, a claimant engaged in physical labor was injured. He was given an award for total incapacity. Later he procured employment as foreman of a section gang which required no manual labor. It was held this did not justify denying compensation. Hence, total disability does not mean absolute incapacity to do anything, although, if permanent, it is the most complete disability recognized by our compensation act. It does mean inability to work and earn wages in the same or similar employment in which the workman was engaged. Many cases dealing with this point are collected in the American Digest System, under Key No. 846, Workmen's Compensation.

Previously the compensation commissioner had found total temporary disability. The petition to review and modify was upon the ground that claimant's disability had terminated. We examine the evidence as it pertains to that specific question. In brief, this evidence was to this effect: That beginning on May 20, directly after the first hearing before the compensation commissioner, the claimant returned to his work, and that he worked every day work was available throughout the remainder of the month of May, and through June, July, August and September, up to the date of the last hearing before the compensation commissioner; that this was the same work he had done before his injury, and that he was able to do this work without the aid of fellow-workmen or other assistance, and that he drew the same or higher wages than he was drawing at the time of his injury. Claimant testified that in performing this work he had some pain in his left foot and ankle; that sometimes the pain was worse than at other times. There was medical evidence to the effect that an injury of this kind, properly treated, usually gets completely well in about three months, and that X rays taken shortly before the first hearing and again shortly before the last hearing before the compensation commissioner, disclosed that the fractures of the malleoli had completely knit, and that one looking at the X-ray photographs could not tell that there ever had been such fractures, and that there was no reason, from the physiological appearance of the ankle and foot, to indicate that the claimant

would have any pain in performing his work. There was other medical evidence tending to show that the structure of the foot and ankle were such that possibly the claimant would have pain while working. So we have here a case in which ability to work at the same employment, and perform the work without assistance, has been fully restored. The most that can be said in favor of claimant is that he had some pain while performing the work. This is not enough to justify the continuation of total disability. The specific question was before the court in *Welden v. Edgar Zinc Co.*, 129 Kan. 422, 283 Pac. 618. There the workman was injured and disabled for a time, for which he was paid compensation. Then he returned to work for the same employer, at the same character of labor, and was paid the full wages received by him at the time of his injury, but did this work with some discomfort and more or less pain. It was held he was not entitled to additional compensation because of the pain. In the opinion it was said:

"It appears that the workman has suffered no diminution of wages or earning ability, as he earned and was paid the full wages he was earning before the accident. The fact that he did this work with some discomfort and pain might have been an element of recovery in an ordinary action to recover damages for negligence. The compensation law is a marked departure from the theory of actions based on the wrongs or negligence of employers. It is based on the theory of taxing the industry for the loss sustained by accidental injury to a workman while employed in such industry, and compensation is to be paid regardless of the negligence of the employer or even the fault of the workman. The theory is that the compensation is to be measured not as damages for pain and suffering, but for the loss sustained by the incapacity of the workman resulting from the accidental injury. In general it may be said that the test to be applied is the difference between average earnings of the workman before the accident, and his average earnings after the accident. . . . The industry is not to be taxed for accidental injuries beyond the workman's loss of earning capacity measured as the statute provides." (p. 423.)

Appellee cites and relies largely on *McGhee v. Sinclair Refining Co.*, 146 Kan. 653, 73 P. 2d 39, where it was held:

". . . The fact that a workman returned to work for the same employer for whom he was working at the time of his injury, for greater wages than he was receiving at the time of his injury, does not preclude a finding that he suffered *partial permanent disability* when a finding of such disability was sustained by other competent evidence." (Italics inserted.)

The difficulty of applying the doctrine of that case here is that there never was a finding of permanent partial disability of the workman in this case. Possibly the evidence at the first hearing

would have justified a finding of total temporary disability for a period, followed by a period of temporary partial disability. The statute (G. S. 1935, 44-510 [3] [b]) authorizes such a finding when the facts warrant it. But no such finding was made. The only finding made was of total temporary disability, and since neither of the parties appealed from that award it became final and is binding upon the parties. In the annotations in 17 A. L. R. 205 and 118 A. L. R. 731 a number of cases are collected, including some of our own, in which it was held that a finding of permanent partial disability does not preclude the workman from doing some character of work for the same or some other employer at the same or higher wages than he was receiving at the time of his injury. None of these cases is in point. We are bound here by the finding of total temporary disability. We have found no case, and counsel have cited us to none, where there was a finding of total disability, and where the workman returned to and performed the same work at the same wages a continuance of payment for total disability was authorized.

The result is, the judgment of the trial court must be reversed with directions to set aside the award of compensation as of the date of July 9, 1938, when the petition for review and modification was filed. It is so ordered.