No. 36,049

Herman J. McAllister, *Appellant*, v. J. W. McDowell, and The Employers Mutual Liability Insurance Company, *Appellees*.

(146 P. 2d 411)

Opinion filed March 4, 1944.

*Milton Schwind*, of Kansas City, Mo., argued the cause, and *John L. Kirkpatrick*, of Olathe, and *F. M. Kennard*, of Kansas City, Mo., were on the briefs for the appellant.

*James K. Cubbison*, of Kansas City, argued the cause, and *Blake A. Williamson* and *Lee Vaughan*, both of Kansas City, were on the briefs for the appellees.

The opinion of the court was delivered by

Harvey, J.: This is a workmen's compensation case. On May 12, 1941, while employed by respondents in building work, the claimant fell from a ladder on which he was standing to paint the house which was being constructed, and sustained personal injuries. His employers provided hospital and medical attention and paid compensation for four weeks at the rate of $18 per week, but there appears to have been some controversy among them as to which was liable for the payments. On July 1, 1941, claimant filed with the compensation commissioner his claim for compensation. Notice was given and a hearing had thereon, which was postponed from time to time, and on January 10, 1942, the workmen's compensation commissioner found each of these respondents liable, also the insurance carrier mentioned; found claimant's weekly wages at the time of his injury were

$30 per week and that the payments of compensation should be $18 per week; further found that claimant was temporarily totally disabled for a period not exceeding 415 weeks, subject to review, and made an award accordingly. Respondents appealed from these findings and award to the district court, where the case was heard on March 25, 1942, and taken under advisement, and on June 5, 1942, the award made by the compensation commissioner was approved by the district court. No appeal was taken from that order.

On February 18, 1943, respondents filed with the compensation commissioner an application for review and modification of the award, alleging that final payment pursuant to the award had not been made, that the award was excessive, and that the disability of the workman had diminished. This application was heard by the commissioner on March 24 and 25, 1943, and on May 25, 1943, the commissioner modified the award previously made on January 10, 1942, and made a finding of total temporary disability for the period from the time of the injury up to February 17, 1943, followed by forty percent permanent partial disability for not more than the remainder of the 415 weeks. Respondents appealed to the district court from this award. This appeal was heard by the district court August 16, 1943, and taken under advisement. On September 7, 1943, the court, having considered the transcript of the evidence and the argument of counsel, found:

" . . . that the award of the workmen's compensation commissioner, dated January 10, 1942, and the award of the said commissioner, on review, dated May 25, 1943, should be set aside and said awards of compensation canceled for the reasons: (1) That the claimant was and is gaining an income greater than the wages he was earning at the time he was injured. (2) That the claimant has recovered from the disabilities claimed to have been caused by his accidental injury on May 21, 1941."

Judgment was rendered setting aside both awards and taxing the costs to claimant.

The pertinent facts may be summarized as follows: On May 12, 1941, when the ladder claimant was using fell, claimant fell several feet and lighted in a sitting position on the ground. One of the respondents helped him to a doctor's office and soon thereafter he was taken to a hospital. Though suffering some pain he was able to walk. X rays taken promptly disclosed that he had a compression fracture of the first and also of the second lumbar vertebrae, also that he had a fracture of the navicular, one of the small bones of the left wrist. His body, and also the left wrist, were placed in plaster

casts for several weeks, then a steel brace was substituted for the cast on the body. At the time of the hearing of the claim for compensation claimant's disability at that time was not seriously contested. None of the several physicians who had treated him was called to testify. One physician who had examined him October 20, 1941, testified claimant was unable at that time to work, and that perhaps a year from the time of his injury it could be determined to what extent his injury was permanent. The compensation commissioner correctly found total temporary incapacity, subject to review.

At the hearing of the application to review and modify claimant testified and other evidence disclosed that soon after his claim for compensation was approved by the district court claimant took employment at the Sunflower Ordnance Plant near De Soto as an inspector of buildings at $55.20 per week, working eight hours or more per day, six or seven days per week. He had worked continuously, with but a few days off, at that kind of work and at that wage since about July 25, 1942, to the date of the hearing, March 25, 1943. The evidence was somewhat conflicting as to whether the work claimant had been doing for these several months was as difficult to perform as the painting work he was doing at the time of his injury, and there was direct conflict in the medical testimony as to whether claimant had fully recovered from the injury sustained. Our statute pertaining to review and modification or cancellation of award (G. S. 1935, 44-528), after outlining the circumstances under which such a review may be had and providing for the hearing by the compensation commissioner, contains the following:

". . . and if the commission shall find that the workman has returned to work for the same employer in whose employ he was injured or for another employer and is earning the same or higher wages than he did at the time of the accident or injury, or is gaining an income from any trade or employment which is equal to or greater than the wages he was earning at the time of the accident or injury, . . . the commission shall cancel the award and end the compensation: . . ."

Counsel for claimant, as appellant here, argues that there is no substantial, competent evidence to sustain the trial court's finding that the claimant has recovered from the disabilities caused by his accidental injury. The argument upon this point really goes to the weight to be given to the testimony. Without taking space to set it out at length an examination of it clearly discloses positive

evidence by the only physician who had ever treated plaintiff and who testified at any of the hearings that claimant had fully recovered from the injuries sustained, and is regarded as industrially sound.

With respect to evidence that claimant has been employed at a salary in excess of what he was receiving at the time of his injury, counsel cite *McGhee v. Sinclair Refining Co.*, 146 Kan. 653, 73 P. 2d 39, and authorities cited therein, where it was held:

"In an action to recover under the workmen's compensation act, the fact that a workman returned to work for the same employer for whom he was working at the time of his injury, for greater wages than he was receiving at the time of his injury, does not preclude a finding that he suffered partial permanent disability when a finding of such disability was sustained by other competent evidence." (Syl. ¶ 1.)

That case is not controlling here for the reason, *first*, that the trial court did not find that the workman sustained permanent, partial disability, but on the contrary found that he had recovered from the disability sustained by his accidental injury, and *second*, the McGhee case was decided upon a hearing of an application for compensation and was not upon an application to review and modify under G. S. 1935, 44-528, the wording of which makes it mandatory upon the court to cancel the award and end the compensation upon a finding that the workman is receiving higher wages than at the time of his injury. In this connection see *Beal v. El Dorado Refining Co.*, 132 Kan. 666, 296 Pac. 723. Prior to 1927 the statute used the permissive word "may." (See *Mansfield v. Crane*, 116 Kan. 2, 225 Pac. 1087.) Since the amendment of the statute the court, in *Dobson v. Apex Coal Co.*, 150 Kan. 80, 91 P. 2d 5, applied the statute in its mandatory form. We see no reason why it should not be so applied here.

The judgment of the court below is affirmed.