No. 41,192

CLIFFORD JUDD, *Appellee*, v. CITY OF EMPORIA (Water Department), *Appellant.*

(331 P. 2d 316)

Opinion filed November 8, 1958.

*Roy U. Jordan,* of Emporia, argued the cause and was on the briefs for the appellant.

*Robert S. Luke,* of Burlington, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

PRICE, J.: This is a workmen's compensation case, and the city of Emporia has appealed from the allowance of an award.

Briefly, the material facts are:

The claimant was a regular employee of the street department of the city. This department did not operate under the provisions of the workmen's compensation act. The water department of the city was under the act. From time to time the water department received shipments of lime by railroad for use in its filter plant. The water department owned only a flat-bed truck and it had been customary for street department employees to haul the lime from the railroad cars to the filter plant of the water department in trucks owned by the street department.

On the date in question claimant was directed by the foreman of the street department to haul lime for the water department from the railroad siding to the filter plant. In performing this work he

met with accidental injury while lifting on a heavy conveyor. At the time in question he was working with two employees of the water department but was not being "directed" by them or by the foreman of the water department.

Both the commissioner and district court found that claimant's accidental injury arose out of and in the course of his employment with the water department when he was performing the work of that department, and that the relationship of employer and workman existed at the time of the accident inasmuch as he was a "loaned" employee.

No contention is made as to the amount of the award, and the only question is whether claimant is entitled to an award at all—that is, was he covered by the act at the time of his accidental injury?

In the main, it may be said the city's contentions are that claimant's accidental injury did not arise out of and in the course of his employment with the water department for the reason that such department was neither a general nor a special employer of claimant at the time of the injury, that such department was not a principal as defined by G. S. 1949, 44-503, and that the street department was not a contractor or subcontractor as contemplated by that section of the act so as to render the city liable.

In our opinion the facts of this case and the question presented do not call for an extended discussion of the authorities bearing on the matter. In *Bright v. Bragg,* 175 Kan. 404, 264 P. 2d 494, it was said that in order to determine the actual relation of the parties under any employment courts do not regard a single fact as conclusive but will look to all of the facts and circumstances of the particular case, and that the first test to be applied is the determination of whose work was being performed at the time of the injury. It was further said that the real test whether one becomes a special employer is whether he has the right to control and direct the particular activity as a consequence of which the injury occurred, and not merely whether he exercised the power of direction.

In the case before us it is clear that at the time of the accidental injury claimant was performing work for the water department and that he was subject to the control and direction of that department even though, as a practical matter, such right to control and direct was not actually exercised.

In addition to what was said and held in the Bright case, above,

we call attention to the following cases as having a bearing on various contentions made by the city: *McCormick v. Kansas City,* 127 Kan. 255, 273 Pac. 471; *Swift v. Kelso Feed Co.,* 161 Kan. 383, 386, 168 P. 2d 512; *Lessley v. Kansas Power & Light Co.,* 171 Kan. 197, 231 P. 2d 239, and *Coble v. Williams,* 177 Kan. 743, 282 P. 2d 425.

We find no error in the record and the judgment is affirmed.