No. 42,588

HERMAN HOBELMAN, *Appellee* (Claimant), v. MEL KREBS CONSTRUCTION COMPANY (Respondent), TRI-STATE INSURANCE COMPANY (Insurance Carrier), *Appellants,* and JOE KREUTZER CONSTRUCTION COMPANY (Respondent), WESTERN CASUALTY AND SURETY COMPANY (Insurance Carrier), *Appellees* and *Cross-Appellants.*

(366 P. 2d 270)

Opinion filed November 10, 1961.

*A. M. Fleming* and *Bert J. Vance,* both of Garden City, and *Charles H. Fleming,* of Scott City, were on the briefs for the appellants, Mel Krebs Construction Company and Tri-State Insurance Company.

*Lloyd H. Haag, Dale E. Saffels* and *Clifford R. Hope, Jr.,* all of Garden City, were on the briefs for the appellees and cross-appellants, Joe Kreutzer Construction Company and Western Casualty and Surety Company.

The opinion of the court was delivered by

PARKER, C. J.: This is a workmen's compensation case in which the award to the employee is not in dispute. In this appeal the only questions presented to the court are (1) whether the employers, and their respective insurance carriers, are jointly liable for payment of the award and (2) if so, which of such respondents is primarily liable for the payment.

Counsel for the contesting parties have filed a joint abstract thus simplifying the statement of facts which present the legal questions. The facts, none of which are disputed, may be summarized as follows:

The claimant, Herman Hobelman, regularly worked for the respondent, Joe Kreutzer Construction Company, a general contractor.

This company owned a large crane and made a business of renting it to other contractors in the same area. Respondent, Mel Krebs Construction Company was also a general contractor in such area.

On the date claimant sustained his accidental injuries the Krebs Construction Company was erecting a building in Garden City, Kansas, known as the Garden Bowl. Through a telephone conversation between the involved employer respondents, hereinafter referred to in our factual statement as Kreutzer and Krebs, it was arranged for Kreutzer to furnish Krebs with the crane and a crane operator on the morning of July 9, 1960, for the purpose of setting steel beams at the Garden Bowl project. In addition to the crane operator, Kreutzer also sent along the claimant, Hobelman, to help the crane operator in assembling the boom on the crane. Hobelman's original instructions were to go to another job where Kreutzer was carrying on construction work when the boom was assembled. Sometime after the arrival of the Kreutzer employees at the Garden Bowl project Krebs' foreman requested that Hobelman be left with Krebs to help it with setting the steel beams as it was shorthanded. The Kreutzer crane operator replied that he had no authority to allow the claimant to remain with Krebs on its job. Later the Krebs foreman in a conversation with Joe Kreutzer, one of the owners of the Kreutzer Company, renewed the request he had made to the Kreutzer crane operator. Thereupon Joe Kreutzer acceded to the foreman's request and instructed Hobelman to stay on the Krebs job and assist it in setting the steel beams. In this conversation Joe Kreutzer advised the foreman that Kreutzer would charge Krebs $2.00 an hour for Hobelman's services.

After Hobelman started working for Krebs, and while engaged in assisting with the setting of the steel beams, Hobelman was injured. At that time the work was being supervised by Krebs' foreman. Hobelman remained upon the regular payroll of Kreutzer, withholding taxes and other payroll deductions were made from his wages by Kreutzer, his wages were to be paid by Kreutzer, and its workmen's compensation insurance premiums were based as though Hobelman remained on its payroll.

Following Hobelman's accidental injury he filed his claim for workmen's compensation against both Kreutzer and its insurance carrier, the Western Casualty and Surety Company, and Krebs and its insurance carrier, the Tri-State Insurance Company. Ultimately an award was rendered in his favor.

On appeal the district court, in harmony with the findings and conclusions of the Examiner, as described by its journal entry of judgment concluded as follows:

"1. That the relationship of the claimant to the two respondents was that of a general employee of the Joe Kreutzer Construction Company and that of a special employee of the Mel Krebs Construction Company.

"2. That the Joe Kreutzer Construction Company was not a sub-contractor of the Mel Kreb's Construction Company as that term is used in Section 44-503, G. S. 1949.

"3. That both respondents and their respective insurance carriers are jointly and severally liable to the claimant for the payment of all Workmen's Compensation, medical expenses, and other items due him under the Workmen's Compensation Law.

"4. That as between themselves, the two respondents and their insurance carriers are each equally liable for the payment of said items and that if either should fail to pay its one-half share of the same and the other be required to pay all, that the one being required to pay all would then be entitled to recover of and from the other the one-half it paid upon the other's behalf; but that as between themselves, so long as each pays its one-half share of said compensation, there is no primary and secondary liability and neither is entitled to recover from the other any of the compensation and other items that it is hereby required to pay."

Neither of the respondents question the right of the claimant to file his claim against them jointly. The respondent, Krebs, and its insurance carrier, have appealed contending that the trial court erred in finding that the relationship of the claimant to respondents was that of a general employee of Kreutzer and that of a special employee of Krebs. It further contends that the court should have found that Kreutzer was the subcontractor of Krebs within the meaning of the term "subcontractor" as used in G. S. 1949, 44-503, and that Kreutzer and its insurance carrier were primarily liable to claimant for all compensation and that no compensation was due him from Krebs or its insurance carrier, unless Kreutzer and its insurance carrier failed to pay all compensation due.

The respondent, Kreutzer and its insurance carrier have filed a cross-appeal contending that the court, having found the relationship between the respondents to be that of general employer and special employer, should have found the special employer primarily liable for the award.

We have no difficulty in concluding, under the facts of this case, that the status of the respondents is that of general employer and special employer and not that of contractor and sub-contractor. Neither do we have difficulty in concluding that the respondents

are jointly liable for the award to claimant under the Workmen's Compensation Act.

In the case of *Mendel v. Fort Scott Hydraulic Cement Co.*, 147 Kan. 719, 78 P. 2d 868, under very similar facts, we stated that the relationship of the respondents to the claimant was that of general employer and special employer and there held:

"Where a general employer loans his workman to another and directs him to do certain work which is being done under the supervision and control of such other or special employer, and which work is also a part of the general employer's trade or business in which injuries are compensable under the compensation act, and the workman continues at all times in the employ of the general employer who pays his compensation and who remains vested with full power to discharge him for refusal to do the work for the special employer which he was directed to do, such employee, if injured while engaged in such work, may look to both employers and their respective insurance carriers for compensation." (Syl. ¶ 4.)

The extension of this opinion to include the reasons and the authorities for our conclusion in the *Mendel* case would serve no useful purpose.

In *Bright v. Bragg*, 175 Kan. 404, 264 P. 2d 494, we said:

"Appellant's petition expressly alleged the work was directed '. . . by an employee of defendant acting within the scope of his employment. . . .' His evidence showed it was so directed. It also proved appellant and his co-employees freely followed such directions without complaint and without challenging appellee's right to exercise such control. The reason for the emphasis given in appellant's brief to the fact the work was done entirely under the direction and supervision of appellee is obvious. That evidence is very properly stressed, in connection with the damage action, for the purpose of absolving, or tending to absolve, appellant from alleged acts of negligence, in some of which he participated, and of other alleged acts of negligence he observed, without objecting thereto. The fact, however, the work is conceded to have been done under appellee's direction and control makes it clear appellee was appellant's *special employer* with respect to the particular work out of which the injury arose.

"In determining the actual relationship of the parties under any employment, the courts will look to all the circumstances involved in the particular case. (*Pottorff v. Mining Co.*, 86 Kan. 774, 122 Pac. 120; *Mendel v. Fort Scott Hydraulic Cement Co.*, supra; *Bell v. Hall Lithographing Co.*, supra.)

"The real test whether a person becomes a special employer, of course, is whether he has the right to control and direct the particular activity as a consequence of which the injury occurred and not merely whether he exercised the power of direction. (*Mendel v. Fort Scott Hydraulic Cement Co.*, supra; *Bell v. Hall Lithographing Co.*, supra.)" (pp. 411, 412.)

And held:

"Our workmen's compensation act does not differentiate between special and general employers. (G. S. 1949, 44-508*h*.) In this state, there being

no provision to the contrary, the workmen may look to either or both employers for compensation.

"The record, set forth in the opinion, examined, considered and *held:* The defendant in an action by a workman to recover damages was a special employer of the workman with respect to the particular work out of which the injury arose and the workman could have asserted a valid claim for compensation against him." (Syl. ¶¶ 3, 4.)

See, also, *Judd v. City of Emporia,* 183 Kan. 689, 331 P. 2d 316, where the decision was based on the opinion in the *Bright* case and additional cases having a bearing on the question involved are cited.

The undisputed facts disclose that Kreutzer loaned for hire its regular employee, the claimant, to Krebs and that at the time of the injury claimant was doing work for Krebs which was part of its trade and business, and under the supervision, direction and control of its foreman. Under these circumstances we have no difficulty in concluding that relationship of the respondents to the claimant is that of general employer and special employer, and both are liable to the claimant for the compensation award.

We are asked by both respondents to determine their primary and secondary liability to the claimant. We are forced to conclude that neither the commissioner in making the award, the district court nor this court on appeal has jurisdiction to make such determination in a workman's compensation case where the relationship of the respondents to the claimant is that of general employer and special employer.

We will not prolong this opinion by presenting a lengthy discussion of applicable general principles but they should be mentioned.

The remedies and the procedure provided under the Workmen's Compensation Act are complete and exclusive from the inception of the claim to final judgment. (See, e. g., *Taylor v. Taylor,* 156 Kan. 763, 137 P. 2d 147; *Brewington v. Western Union,* 163 Kan. 534, 183 P. 2d 872.) The act borrows nothing from the code of civil procedure or other statutes. (See *Welden v. American Steel & Wire Co.,* 143 Kan. 125, 53 P. 2d 1195; *Dean v. Hodges Bros.,* 170 Kan. 333, 224 P. 2d 1028.)

The Workmen's Compensation Commissioner has no jurisdiction beyond that specifically provided by the Workmen's Compensation Act. On appeal, neither the district court nor this court can extend its jurisdiction beyond that of the Commissioner.

We stated in *Bright v. Bragg,* supra, that the Workmen's Com-

pensation Act does not differentiate between special and general employers. Neither the Workmen's Compensation Commissioner nor the courts on appeal, can differentiate or attempt to fix primary or secondary liability. We must distinguish this relationship from that of principal contractor and subcontractor as the act itself differentiates between the two. (G. S. 1949, 44-503.)

The Workmen's Compensation Act has as its primary purpose an expeditious award of compensation in favor of an injured employee against all persons who may be liable therefor. The Act does not contemplate that such proceedings should be hampered or delayed by the adjudication of collateral issues relating to degrees of liability of the parties made responsible by the Act for the payment of compensation. Questions of contractual obligations or even equitable considerations may well be involved between the responsible parties which are of no concern to the injured employee. If such questions are involved, they should be resolved by a court in an independent proceeding in which the employee should not be required to participate.

Although the specific question as to whether or not the primary and secondary liability between a general employer and a special employer should be determined in a workmen's compensation case has not been determined by this court, we have established precedents which throw light on the question.

In *United States Fidelity & Guaranty Co. v. Maryland Cas. Co.,* 186 Kan. 637, 352 P. 2d 70, it is said:

"The appellee argues that if the action is based on the workmen's compensation act of Kansas it must be commenced before the Kansas compensation commissioner, citing *Employers' Liability Assurance Corp. v. Matlock,* 151 Kan. 293, 98 P. 2d 456; and *Hartford Accident & Ind. Co. v. Tri-State Casualty Ins. Co.,* (1951), 205 Okla. 117, 235 P. 2d 703.

"The concern of this court under the workmen's compensation act pertains primarily to the liability of the employer to the workman and not to the settlement of independent controversies which may arise between the various insurance carriers. (*Justice v. Continental Can Co.,* 174 Kan. 539, 257 P. 2d 564; and *Attebery v. Griffin Construction Co.,* supra.) The *Matlock* case was fully discussed and reviewed in the *Attebery* case where it was factually distinguished from the instant action which is primarily between two insurance carriers. We therefore hold the trial court had jurisdiction of the subject of the action, and the action was properly instituted in the district court." (p. 642.)

In the above case this court was considering an action by one workmen's compensation insurance carrier against another seeking to shift liability for the payment of the award by an independent action.

See, also, *Attebery v. Griffin Construction Co.*, 181 Kan. 450, 312 P. 2d 598, where it is said:

"By this appeal U. S. F. & G., who was a party to the proceedings before the Workmen's Compensation Commissioner, seeks to draw in another respondent and its insurance carrier and litigate rights, not relative to the obligation of U. S. F. & G. on its own policy to the respondent, Griffin, or the claimant, but its rights against the other insurance carrier. We are of the opinion that this is not only contrary to the spirit of the Workmen's Compensation Act but also contrary to the intention of the legislature in applying the Act which is designed primarily for the protection of the injured workman or his dependents.

"At no place is this procedure authorized by the Workmen's Compensation Act itself. It follows that the remedies under the Workmen's Compensation Act are exhausted, thereby giving rise to an independent action by one insurance carrier against another on such matters incidentally arising out of contract which have no direct relation to the injured workmen's right to compensation. Independent action arising out of incidental matters was contemplated by the Act where reference is made to indemnity and rights of subrogation." (p. 460.)

A somewhat limited independent research of cases from foreign jurisdictions dealing with the subject discloses that the general rule is in harmony with our conclusion on the point now under consideration.

The Workmen's Compensation Act of the state of Colorado does not differentiate between a general contractor and a subcontractor. The Supreme Court of Colorado had before it the question as to whether or not the primary and secondary liability of a general contractor and a subcontractor could be determined in a workmen's compensation case. The court held:

"Under pertinent provisions of the Workmen's Compensation Act, a contractor and subcontractor employer each are liable to an employee for injuries sustained by him in an accident arising out of and in the course of his employment.

"There is no express authority in Colorado giving the Industrial Commission or any court reviewing the proceedings of the commission, the power to determine or fix a comparative degree of liability for compensation as between a subcontractor employer and the contractor.

"The primary purpose of the Workmen's Compensation Act is to expeditiously provide an award of compensation in favor of an injured employee against all persons who may be liable therefor. As to questions concerning the responsibility for payment under this general liability, the employee is not concerned; these are to be resolved by a court in independent proceedings." (Syl. ¶¶ 4, 5 and 6.) (*Sechler v. Pastore*, 103 Colo. 139, 84 P. 2d 61.)

In the absence of a specific statute to the contrary, such as G. S. 1949, 44-503, we are in accord with the statement made in the case of *Johnson v. Mortenson*, 110 Conn. 221, 147 Atl. 705, as follows:

". . . The better view and practice of the compensation commissioners appears to have been to regard their jurisdiction as limited to determination of the right of the employee to compensation and as to who is liable therefor to such claimant, leaving the rights and liabilities between those held jointly liable to the claimant to 'be worked out in such proceedings, among themselves, as may be brought for the purpose.'" (p. 225.)

In conclusion it may be stated that, except for its conclusion of law No. 4, the general judgment of the district court, as set out in its journal entry, which includes its conclusions of law Nos. 1 to 4 incl., as heretofore quoted, is not out of harmony with the views expressed and conclusions reached by the court in this opinion. However, with direct reference to the trial court's conclusion of law No. 4, what has been heretofore stated and held makes it clear that tribunal had no authority to determine liability of the contesting respondents as between themselves in the compensation proceeding and it erred in attempting to do so. It follows the judgment, so far as it relates to the subject last mentioned, must be reversed and that all other portions thereof should be and are affirmed. Therefore, since the judgment must be modified as herein indicated, the cause is remanded to the district court for final disposition in accordance with the views herein expressed.

It is so ordered.