THE CITY OF NEW YORK, Respondent, v. MAX COHEN, Appellant.— Order of the Court of Special Sessions directing appellant to pay five dollars a week toward the support of his grandchild reversed upon the law, and defendant discharged, on authority of *Matter of Moncrief* (235 N. Y. 390). Young, Kapper and Lazansky, JJ., concur; Kelly, P. J., and Manning, J., dissent, and vote to affirm, upon the ground that the status of the child as the grandchild of the appellant was fixed by the subsequent marriage of her parents. (Dom. Rel. Law, § 24.) She should not be deprived of that status by the subsequent differences of her parents, without notice to her, and apparently without any mention of her existence to the court granting the decree of annulment which might have protected her rights under Civil Practice Act, section 1135. Leave to present the case to the Court of Appeals will be granted if counsel deem it advisable.

FREDERICK R. CRANE, as Trustee in Bankruptcy of RALPH B. WATTLEY, Respondent, v. JOSEPHINE R. WATTLEY, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Manning, Young, Kapper and Lazansky, JJ.

BEATRICE FEIGENBAUM, an Infant, by Her Guardian ad Litem, DAVIS FEIGEN-BAUM, Respondent, v. NARRAGANSETT STABLES CO., INC., JOHN H. NAUGHTON and JOHN F. MULGREW, Appellants.— Judgment affirmed, with costs. No opinion. Jaycox, Manning, Kapper and Lazansky, JJ., concur; Kelly, P. J., dissents.

LOUIS FELDMAN, Respondent, v. JOSEPH BARSHAY, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Manning, Young, Kapper and Lazansky, JJ.

MARY FOLEY, as Administratrix, etc., of JOHN FOLEY, Deceased, Respondent, v. BROOKLYN EASTERN DISTRICT TERMINAL, Appellant. CHARLES PETEZ, Defendant.— Judgment, as amended, reversed on the law, and a new trial granted, with costs to appellant to abide the event. It was error to admit in evidence plaintiff's Exhibit 3–3A, because, *first*, being in part at least a contradictory statement, it was used to impeach plaintiff's witness; *second*, a part of the statement was a conclusion of the witness, growing out of conditions which he did not see. Kelly, P. J., Jaycox, Young, Kapper and Lazansky, JJ., concur.