FRANKLIN V. BRADLEY, an Infant, by EDWARD J. BRADLEY, Guardian ad Litem, Respondent, v. BOARD OF EDUCATION OF THE CITY OF ONEONTA, Appellant.— Appeal from judgment of Supreme Court, entered in Otsego county, June 17, 1935, on a jury's verdict in favor of plaintiff for $2,248.01, and from an order denying defendant's motion to set aside the verdict and for a new trial. This case was before us on a previous appeal which was reported (243 App. Div. 651). On the present trial the plaintiff supplied proof that a general custom existed in that section of protecting dangerous projections in gymnasia by mats or padding. In other respects the record is substantially the same as on the previous trial. Plaintiff was participating in a game of field dodge ball as a part of the regular school curriculum. He slipped on a slippery floor, fell and struck the corner of a brick pilaster which projected from the wall of the building. Corner boards had originally been installed to guard this pilaster but the boards had come loose at the corner in question, drawn away from it and left it unguarded. Judgment and order unanimously affirmed, with costs. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.

HAROLD CHARLES SCHAEFER, by His Guardian ad Litem, CHARLES SCHAEFER, Appellant, v. THE STATE OF NEW YORK, Respondent. (Claim No. 22338.) — Appeal from judgment of Court of Claims dismissing the claim upon the merits. Charles Schaefer was injured while riding in the night time on the rear seat of a motorcycle when it ran into a barrier at a dead end in a State highway. Two hundred feet from the end of the highway another State highway branched off to the right. The proof warranted the court below in finding that 500 feet from the barrier and 300 feet from the intersection there were two signs, one marked " slow " and the other, six feet by eight feet in size, painted black and white, marked " End of present construction, Turn right 300 feet ahead," and that there were also two glass reflector signs about two feet by three feet in size located upon the barrier which reflected the words " Full Stop " in eight-inch letters when the lights of motor vehicles show upon them. The headlight upon the motorcycle was adjusted so that the operator could see with it about fifteen or twenty feet ahead on the highway. Judgment unanimously affirmed. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.

MAY DE LONG, Appellant, v. JOHN J. BAKER and Another, Respondents.— Order modified by striking out the requirements specified in paragraphs of the order numbered 5, 7, 11, 13 and 17; and further, by striking out from said order the provision precluding plaintiff from giving of evidence in case of the failure of the plaintiff to furnish the particulars required. That provision is premature, and such an order may not be made until after the plaintiff has failed to comply with the order directing the service of a bill of particulars. The order is modified accordingly, and as so modified affirmed, with ten dollars costs and disbursements to the plaintiff. Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ., concur.