GERALD MACKNEY, an Infant, by GLENN T. MACKNEY, His Guardian ad Litem, and GLENN T. MACKNEY, Individually, Claimants, *v.* THE STATE OF NEW YORK, Defendant.

(Claim No. 25530.)

Court of Claims, September 15, 1941.

*Walter L. M. Gibbs*, for the claimants.

*John J. Bennett, Jr., Attorney-General [Joseph I. Butler, Assistant Attorney-General*, of counsel], for the defendant.

RYAN, J.  Gerald Mackney, an infant two and one-half years old, was injured July 4, 1939, at Beaver Island State Park.  By an order of ALONZO G. HINKLEY, justice of the Supreme Court,

Erie county, made and entered August 21, 1939, Glenn T. Mackney, Gerald's father, was appointed his guardian *ad litem.* The claim against the State was filed and served September 14, 1939, and decision and judgment dismissing the claim upon the merits were entered June 29, 1940. Upon the trial the order appointing the guardian *ad litem* was offered in evidence, received and marked as an exhibit and no objection thereto or to the source of the appointment was made by the Attorney-General upon the trial or at any time prior to entry of judgment.

The claimant appealed to the Supreme Court, Appellate Division, Fourth Department, from the judgment dismissing his claim upon the merits and the case is on the calendar for the term of that tribunal which will open two days hence, September 17, 1941.

In his brief upon appeal served on the claimant-appellant herein a few days ago, the Attorney-General for the first time raised the question of the jurisdiction of the Court of Claims over the trial of this claim because the guardian *ad litem* was appointed by a justice of the Supreme Court rather than by a judge of the Court of Claims, which latter practice would be in strict conformance with section 202 of the Civil Practice Act or rule 22 of the Court of Claims Rules. (See *Torrey* v. *State of New York,* 175 Misc. 259, 264.)

The claimant-respondent moves in this court by order to show cause for the appointment by this court of Glenn T. Mackney as guardian *ad litem* of Gerald Mackney, an infant, *nunc pro tunc* as of August 21, 1939. The motion raises certain questions, decision of which we consider important because similar questions are arising frequently in the practice in this court.

The first question is: Has this court, after judgment has been rendered and an appeal taken, power to correct a mistake, irregularity or defect? We believe that it has under the authority of section 105 of the Civil Practice Act.

The second question is: Does section 105 of the Civil Practice Act give authority to this court to appoint a guardian *ad litem* *nunc pro tunc* as of the date either of the order of the Supreme Court appointing said guardian *ad litem* or of the filing of the claim? We believe that it does under the authority of *Rima* v. *Rossie Iron Works* (120 N. Y. 433); *Holmes* v. *Staib Abendschein Co., Inc.* (198 App. Div. 354); *Feigenbaum* v. *Narragansett Stables Co., Inc.* (127 Misc. 114; affd., 219 App. Div. 729; affd., 245 N. Y. 628).

However, the judges of our court are not unanimous in this point of view, the Presiding Judge having recently written: " it is doubtful if such a rule applies to this proceeding as the claim must be verified and if it be held that the appointment of the

guardian *ad litem* was invalid, he had no authority to verify the claim and the claim as filed did not comply with the statute." (*Colella* v. *State of New York,* Claim No. 25328, Jan. 23, 1941, not reported.)

In that case, however, the Presiding Judge declined to dismiss the claim upon the ground stated and said he hesitated to pass upon the powers of the Supreme Court and felt that such a question should be decided in the higher courts. This writer concurred in the decision of the Presiding Judge making an award to the infant claimant Colella. I do not, however, agree with the statement above quoted because I believe that the defect is procedural, that the defendant has not been harmed because its agents have had the opportunity to investigate and defend the claim and that justice requires the granting of the order *nunc pro tunc.* To me the essential point is that the State has notice of the claim within the time required by statute. As pointed out in my opinion in the *Torrey* case (*supra*), we had previously granted an order *nunc pro tunc* in the claim of *Schaefer* v. *State of New York,* Claim No. 22338, not reported (affd., 247 App. Div. 833), but had dismissed the claim upon the ground, among others, that no excuse for failure to give notice of claim had been presented. Schaefer was nineteen years of age at the time of the accident and had not been so incapacitated thereby, mentally and physically, that he could not have given notice. (*Winter* v. *City of Niagara Falls,* 190 N. Y. 198.)

This leads us to a third question which is: If the second question should be answered in the negative in a case where the infant has advanced to an age in the latter period of infancy, does not this court have power to grant the order *nunc pro tunc* in this particular instance where the infant even today is only four and one-half years old? We believe that it does upon the authority of *Murphy* v. *Village of Fort Edward* (213 N. Y. 397). As in that case, we believe " that immature infancy, which includes the age of five years, is, as a matter of law, a condition of physical and mental inability excusing compliance with the requirement of " the Court of Claims Act as to giving notice.

By consent of counsel and with the approval of this court, this memorandum and the order to be entered thereon are hereby made a part of the pending record on appeal and the court respectfully requests the Supreme Court, Appellate Division, Fourth Department, for a determination of each of the foregoing questions.