RALPH LOUDEN, Individually and as Guardian ad Litem of RALPH LOUDEN, JR., an Infant, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 27198.)

Court of Claims, April 28, 1943.

APPLICATION by claimant for order appointing a guardian *ad litem* for infant claimant, *nunc pro tunc*.

*Nathaniel A. Goldstein, Attorney-General* (*James A. Glavin* of counsel), for defendant.

*Livingston S. Lathan, George L. Dickson* and *Donald H. Grant* for claimant.

DYE, J. Claimant's ward, an infant ten and a half years of age, while riding a bicycle downgrade on a State highway, skidded on a " bleeding " tar patch which had recently been installed as part of the routine highway maintenance. He was thrown to the pavement, sustaining such a severe fracture of the left elbow as to necessitate amputation of the arm about three inches below the shoulder.

The authorities uniformly stand for the proposition that the State, while not an insurer of safety, nevertheless owes to the traveling public a duty to construct and maintain its highways in a reasonably safe condition for travel; and its failure to do so constitutes actionable negligence. Here, we have found that the " bleeding " tar patch produced a slippery surface which was the competent, producing cause of the accident, and have made an award on the merits.

The jurisdiction of the court to do so is vigorously challenged by the State, the objection being based on the claimant's failure to secure his appointment as guardian *ad litem* of the infant from a judge of this court. (Civ. Prac. Act, § 202; Rules of the Court of Claims, rule 22; Court of Claims Act [L. 1939, ch. 860], § 9, subd. 9.) The order, in fact, was procured from the Delaware County Judge. Rule 22 of the Rules of the Court of Claims reads: " A guardian *ad litem* may be appointed by the court, or one of the judges thereof, as provided by the civil practice act and the rules of civil practice." (See *Torrey* v. *State of New York,* 175 Misc. 259, at p. 263.)

This procedural question has been raised before, but, unfortunately, has not been disposed of with any very consistent degree of unanimity by our court. Nor has it been reviewed by an appellate court, with the result that each case seems to have created its own rule, depending upon the exigencies of the occasion.

For instance, in *Cummings* v. *State of New York* (Claim No. 25292) and *Selinsky* v. *State of New York* (Claim No. 25293) (each decided July 31, 1940; no opinions for publication), this court refused to find as a conclusion of law that a Supreme Court appointment of a guardian *ad litem* operated to deny the

court jurisdiction, at the same time expressing grave doubts as to its correctness. The claims were dismissed on the merits, from which no appeals were taken.

In *Torrey* v. *State of New York* (175 Misc. 259, *supra*) the guardian *ad litem* was appointed by the Supreme Court. One of the claimants attained his majority before the trial, and again the court took jurisdiction, which ruling was not challenged on the appeal from the decision on the merits, or disturbed by the judgment of reversal. (*Torrey* v. *State of New York*, 266 App. Div. 900.)

In *Colella* v. *State of New York* (Claim No. 25328) (decided Jan. 23, 1941; no opinion for publication), the question arose as to whether the appointment of a guardian *ad litem, nunc pro tunc,* was permissible under section 105 of the Civil Practice Act, and the court said: " It is doubtful if such a rule applies to this proceeding as the claim must be verified and if it be held that the appointment of the guardian *ad litem* was invalid, he had no authority to verify the claim and the claim as filed did not comply with the statute." He declined to dismiss on this ground, however, saying he " hesitated to pass upon the power of the Supreme Court and felt that such a question should be passed upon in the higher courts."

In *Mackney* v. *State of New York* (177 Misc. 94), the original order was made by the Supreme Court. The claim was tried and was dismissed on its merits. An appeal was taken, and just prior to its argument in the Appellate Division, an application to appoint a guardian *ad litem, nunc pro tunc,* was made to one of the judges of this court under authority of section 105 of the Civil Practice Act. The court granted the order, and it was included in the case on appeal. The Appellate Division unanimously affirmed the dismissal on the merits without opinion (262 App. Div. 1063), with the result that the question which has been vexing this court remains moot.

The right to sue the State did not exist at common law, and jurisdiction can be had only when the conditions imposed by the Legislature are complied with. The granting of the within motion will not strike at the root so as to destroy the infant's right of action by taking jurisdiction away from the court. Here, the general waiver of immunity (Court of Claims Act, § 8) would not be forfeited by the running of the statute in any event. Granting of the motion would accomplish nothing final. The infant would still have time to start over again and try his case anew. (Civ. Prac. Act, § 60; Court of Claims Act, § 10, subd. 5.)

The courts protect an infant, and the comments of Judge SPRING in *Winter* v. *City of Niagara Falls* (119 App. Div. 586, 589) to the effect that " ' Each case must be a law unto itself ' within reasonable limits " still have support, and were quoted with approval in *Murphy* v. *Village of Fort Edward* (213 N. Y. 397, 402). In fact, no better summary of the whole question can be found than as expressed by COLLIN, J., in *Murphy* v. *Village of Fort Edward* (*supra*), who granted procedural relief to an infant of immature years.

Here, too, we feel the practical consideration must govern. The motion of the Attorney-General to dismiss the claim is denied, and the application for an order appointing a guardian *ad litem* for the claimant infant, *nunc pro tunc* as of December 26, 1941 [the date of the order of the County Judge appointing the guardian *ad litem*], is granted.

Let judgment be entered accordingly.