THE PEOPLE OF THE STATE OF NEW YORK ex rel. VICTOR W. WRIGHT, by ALAN DREZIN, Appellant, v. COMMISSIONER, DEPARTMENT OF CORRECTION, Respondent. — In a habeas corpus proceeding, relator appeals from a judgment of the Supreme Court, Kings County, entered October 4, 1972, which dismissed the proceeding. Judgment affirmed, without costs. Defendant was indicted on May 20, 1971 for robbery in the first degree, grand larceny in the third degree, attempted robbery in the first degree and attempted grand larceny in the third degree. On June 19, 1972 he moved to dismiss the indictment for failure to afford him a speedy trial. The Criminal Term by order dated July 6, 1972 ordered that the motion was " granted unless defendant, Wright, is tried on or before August 28, 1972." The case was not tried before August 28, 1972. On September 28, 1972 the present petition for habeas

corpus relief was made by defendant on the ground that he had been denied a speedy trial. The petition was dismissed and this appeal followed. Defendant argues that the order of July 6, 1972 is self-executing and that jurisdiction over him has been lost in that the indictment has been dismissed. We do not agree. By its terms the order is conditional, hinging on events to take place in the future. Hence, it contemplates further action by the court (cf. *Magglieri* v. *Saks*, 33 A D 2d 898; *De Lona* v. *Baker*, 247 App. Div. 833; 2 Carmody-Wait 2d, N. Y. Prac., § 8:69, p. 91; 60 C. J. S., Motions & Orders, §§ 64, 65). In effect, the court reserved the power to consider whether the prosecution's failure to proceed on the date mentioned in the order would result in an unconditional and final judgment dismissing the indictment. That this was the intended disposition of the motion seems evident from later conduct of counsel for defendant in moving to dismiss the indictment subsequent to the order of July 6, 1972. In any event, the court did not lack jurisdiction over defendant after August 28, 1972 on account of the failure to try the indictment prior to that date. We note, however, that we do not approve the practice of granting or denying motions for a speedy trial conditionally. The merits of the application should be determined as of the time that it is made vis-a-vis the issue of a speedy trial. We also note that the parties have treated this appeal as an original proceeding in the nature of prohibition. It is properly an appeal from the judgment dismissing the petition in the habeas corpus proceeding. Even if we treated it as a prohibition proceeding, however, we would arrive at the same conclusion and deny the relief sought (cf. *Matter of Smyth* v. *Chase*, 36 A D 2d 951, app. dsmd. 31 N Y 2d 707). By making this determination we, of course, do not reach the question whether defendant in fact has been denied a speedy trial. That issue must await an appeal from a judgment, if one results, when a full record will be available. Rabin, P. J., Hopkins, Munder, Martuscello and Latham, JJ., concur.